THROP
v.
JOHNSON.

*Per Curiam.*—The decree is reversed, with costs. Cause
remanded, &c.

*J. Sullivan*, for the plaintiffs.

*J. G. Marshall*, for the defendant.

---

THROP *v.* JOHNSON and Wife.

A plea to a petition for the assignment of dower, alleged that the dower of the widow was barred by a decree of the *Decatur* Circuit Court theretofore rendered, &c., but made no further mention of the decree. *Held,* that the plea was bad for not setting out the decree.

Where land is devised upon a condition subsequent, the non-performance of the condition authorizes the heirs of the devisor to enter upon the land, and thus destroy the devise; but, until the entry, those holding under the devisee are entitled to the land.

To a petition for the assignment of dower by the widow of a devisee of land devised upon a condition subsequent, a plea alleging as a defense the non-performance of the condition, but not showing that the defendant is an heir of the devisor, is bad.

Upon the hearing of a petition for the assignment of dower, the right of the petitioner to dower was established, and the Court having appointed commissioners to make an assignment thereof, instructed them to assign the same according to the value of the land at the time of the assignment, exclusive of the improvements made after the husband's alienation. *Held,* that the defendant, being the grantee of the husband, could not complain of the instruction.

An instruction to commissioners appointed to assign dower, to assign the same by metes and bounds, will be presumed to be right where the record does not contain the evidence.

ERROR to the *Decatur* Circuit Court. <span style="float:right">*Thursday, May 27.*</span>

BLACKFORD, J.—*Isaac M. Johnson* and *Kezia*, his wife,
filed a petition in the *Decatur* Circuit Court. The object
of the petition was to obtain dower in certain real estate,
on the ground that one *Samuel D. Henry* died seized of
the estate in fee, leaving said *Kezia* his widow. The petition alleges, *inter alia*, that said *Johnson* has married said

*Kezia,* and that *Throp,* the defendant, has the legal title to said estate, by virtue of a decree in chancery.

The defendant pleaded three pleas.

First—That said *Henry* did not die seized of said estate in fee as alleged.

Secondly—That the dower of said *Kezia* was barred by a decree of the *Decatur* Circuit Court theretofore rendered of and concerning said land, wherein said *Throp* was complainant, and said *Johnson* and wife were defendants.

The following is the third plea: That said land was held by said *Samuel D. Henry,* at the time of his death, by virtue of the last will and testament of his father, *William Henry,* deceased; that the devise was made agreeably to an article of agreement between said *Samuel* and his father, which article provided that said *Samuel* should support the widow of his father during her life. Averment, that said *Samuel* did not support said widow of his father, as he was to do by said agreement.

Replication to the first plea, that said *Samuel D. Henry* did die seized in fee of the said land.

Demurrers to the second and third pleas, and the demurrers sustained.

The issue on the first plea was submitted to the Court.

The Court found that the facts stated in the petition were true; that the land had been aliened by said *Samuel D. Henry,* in the year 1825; and that the said *Kezia* was lawfully entitled to the dower claimed in the petition.

The Court also appointed commissioners to assign the dower, and instructed them to make the assignment according to the value of the land at the time of the assignment, exclusive of the increased value caused by improvements made since the alienation of the land by said *Samuel D. Henry.* The commissioners were also instructed to set off the dower by metes and bounds.

The second plea is bad, on the ground that the decree relied on in that plea is not set out. The plea alleges that the dower was barred by the decree; but that allegation is a mere conclusion of law. The decree should

May Term,
1852.

THROP
v.
JOHNSON.

have been set out, so that the Court could have determined whether or not the dower was barred by the decree.

The third plea is also bad. By the will mentioned in the plea, *Samuel D. Henry* took the legal title to the land. If, in consequence of the article of agreement mentioned in the plea, any condition was annexed to the devise, it was a condition subsequent. Supposing there was such a condition, the non-performance thereof would have authorized the heirs of the devisor to enter on the land and thus destroy the devise. But, until such entry, those holding under the devisee are entitled to the land. *Cross* v. *Carson*, 8 Blackf. 138. There is no intimation in the plea, that the defendant is an heir of the devisor.

The defendant cannot complain of the instruction to the commissioners to assign the dower according to the value of the land at the time of the assignment, exclusive of the improvements made after the husband's alienation. We formerly decided that the value of such improvements was not to be taken into consideration. *Wilson* v. *Oatman*, 2 Blackf. 223. But since that time the question has been differently decided in *England*. *Doe* d. *Riddell* v. *Gwinnell*, 1 Adol. & Ellis, 682. The point is not, in this case, material; for, if the Court erred as to that, the error was in favor of the defendant.

The instruction to the commissioners to assign the dower by metes and bounds is objected to. The record does not contain the evidence, and we must presume that the evidence showed that the dower ought to be set off by metes and bounds.

*Per Curiam.*—The decree is affirmed, with costs.

*J. Robinson*, for the plaintiff.

May Term,
1852.                        HARBERT *v.* DUMONT and Another.