May Term, 1861.

MILLER and Others *v.* RIGNEY.

MILLER
v.
RIGNEY.

An answer which professes to be a bar to the whole complaint, but only responds to a part, is bad.

An answer which avers the pendency of a suit in another Court is bad, unless it sufficiently sets forth and identifies the case so averred to be pending.

Where an answer counts upon a covenant contained in a deed, and the deed is not made a part thereof, the answer is bad.

Where a party purchasing land, takes a deed therefor with covenants, and gives a mortgage thereon to secure the payment of the purchase money at a fixed time, and also takes a separate writing from the vendor, covenanting against damages, &c., by suits, &c., and the vendor proceeds to foreclose the mortgage, and such party has paid nothing at the time of pleading, and does not show that the vendor was then, or would probably become, unable to pay any damages that might be recovered upon said covenants, he can not enjoin the vendor from proceeding to collect the purchase money.

APPEAL from the *Orange* Circuit Court.

Friday, June 7.

HANNA, J.—Suit by *Rigney* to foreclose a mortgage. Answer: First. That defendants had purchased the land mortgaged of plaintiff, who covenanted to save the defendants harmless from judgments, and costs that might be assessed against them, for flowing water on the lands of third persons, by the dam on the land so purchased; breach, that there was a suit then pending, &c., in the Supreme Court for, &c., the costs of which were $500; and that there was a large amount of costs in other suits for, &c., which had been pending in the *Orange* Circuit Court, which defendants were compelled to pay, with attorneys' fees, to the amount of $500. Second. That there was a warranty that the lands conveyed were free from encumbrances, "but by its encumbrances flows water upon the lands of others, who are bringing suits," &c.

A demurrer was sustained to the answer; which raises the first point for our consideration.

The mortgage was to secure some $3,300; balance averred to be due about $1,500. The first paragraph professed to answer the whole complaint, but, if true, only responded as to part, to-wit, $1,000, and was, therefore, bad. But it was

vicious for another reason, namely, that it did not sufficiently set forth and identify the case averred to be pending in this Court. It is not shown in what Court it was instituted, &c., nor who appealed. *Throp* v. *Johnson, et ux.*, 3 Ind. 343.

In the covenant to save harmless, it was stipulated that defendants were to keep the dam at the same height. It is not averred that it was so kept, and the pleading was for that reason insufficient.

The second paragraph counts upon a covenant, averred to be contained in a deed, which is not in any manner made a part of the pleading. The pleading is bad for that, if for no other reason.

The defendants filed a pleading in the nature of a cross-complaint, averring the facts pleaded in the first paragraph of the answer, and also that other suits were threatened; and praying a restraining order, and continuance of said case, until said cases should be decided, and the question as to the amounts defendants would have to pay should be determined. To this a demurrer was sustained. Was the ruling right? There is no averment that defendants had paid any thing in consequence of the alleged suits. They had a conveyance with covenants, and a' separate writing covenanting against damages, &c. by suits, &c. Whether the covenants in the deed were sufficient to have secured them, we need not decide, as they had chosen to take an instrument for that special object. As they had paid nothing at the time of pleading, and do not show that the plaintiff was then, or would probably become, unable to pay any damages that might be recovered upon said covenants, and as they agreed to pay the consideration money at a fixed time, we are of opinion that they do not'show any sufficient reason to prevent the plaintiff from proceeding to collect the same, nor why they should not rely upon those covenants for any future damages, &c.

*Per Curiam.*—The judgment is affirmed, with 2 per cent. damages and costs.

*J. Collins*, and *A. B. Collins*, for the appellants.

*R. Crawford*, for the appellee.