# Coaldale Brick & Tile Co. v. The Southern Construction Co. of Kentucky.

### *Action for the Breach of the Covenants of a Contract.*

1. *Plea in abatement; pendency of prior suit for same cause of action.* A plea setting up in abatement of an action, the pendency of a suit previously instituted between the same parties for the same cause of action, and in a court having jurisdiction of the subject matter, is good and should be sustained.

2. *Same; same; where former suit dismissed before plea in abatement is filed.*—While the pendency of a prior suit for same cause of action in a court of competent jurisdiction between the same parties will abate a later suit; yet, if the former action is dismissed before a plea in abatement is filed in the second action, such dismissal removes the cause of abatement, and the plea in abatement is not good. (BRICKELL, C. J., and HARALSON J., *dissenting.*)

APPEAL from the Circuit Court of Montgomery.
Tried before the Hon. JOHN R. TYSON.

On June 8, 1894, the appellant, the Coaldale Brick & Tile Company, instituted suit by summons and complaint, against the appellee, the Southern Construction Company of Kentucky, in the circuit court of Jefferson county, Alabama, to recover damages for the alleged breach of the covenants of a contract.

On the 7th day of July, 1894, the Southern Construction Company filed its plea in abatement to said suit, on the ground that it was a foreign corporation, and did

not carry on its business in Jefferson county. Before the 20th day of July, 1894, the Coaldale Brick & Tile Company duly notified appellee that it would dismiss its suit in the circuit court of Jefferson county and bring another suit against the Southern Construction Company in Montgomery county. The order dismissing the suit in the circuit court of Jefferson county was duly entered of record by the clerk on the 24th day of September, 1894, in vacation. Prior to the 24th September, 1894, and after the giving of the notice of dismissal above stated, the Coaldale Brick & Tile Company commenced its suit by summons and complaint against The Southern Construction Company in the circuit court of Montgomery county, for the identical cause of action which was the foundation of the suit in the circuit court for Jefferson county. This summons and complaint was served upon the Southern Construction Company on, to-wit, the 24th day of August, 1894, prior to the entry of the order of dismissal of the suit in the circuit court of Jefferson county. On the 16th day of January, 1895, the Southern Construction Company filed its plea in abatement of the suit in the circuit court of Montgomery county, on the ground of the pendency of a former suit between the parties for the same cause of action, at the time of the commencement of said suit in the circuit court of Montgomery county, and setting forth a transcript of the suit above described in the circuit court of Jefferson county. The plaintiff demurred to this plea in abatement, on the ground that it failed to aver that the suit in the circuit court of Jefferson county was pending at the time of the filing of said plea in abatement, and on the ground that defendant had successfully pleaded to the jurisdiction of the circuit court of Jefferson county, and was thereby estopped from asserting that said last named court did have jurisdiction of the case. The court overruled the plaintiff's demurrer to the plea in abatement, and to this ruling the plaintiff duly excepted. Plaintiff then filed its replication to said plea in abatement, setting up the facts that The Southern Construction Company was a foreign corporation having its office and agent in Montgomery county; that it had ousted the jurisdiction of the circuit court for Jefferson county by its plea in abatement thereto; that plaintiff had duly notified defendant that it would

[Coaldale Brick & Tile Co. v. Southern Construction Co. of Kentucky.]

dismiss its suit in the circuit court for Jefferson county before the commencement of the suit in the circuit court for Montgomery county; and that the order dismissing the suit in the circuit court of Jefferson county was duly entered of record before the filing of the plea in abatement of the suit in the circuit court of Montgomery county. Defendant demurred to this replication, the court sustained the demurrer, and rendered judgment abating plaintiff's suit. The plaintiff in the court below duly excepted to the ruling of the court sustaining the demurrer to its replication, and also excepted to the judgment rendered abating its suit.

The plaintiff appeals from the judgment rendered, and assigns as error the several rulings to which exceptions were reserved.

FRED S. FERGUSON, for appellant.—1.   The vexatiousness of two or more suits at the same time, for the same cause of action and between the same parties, is the evil the law seeks to correct by the plea of the pendency of former suit.   If, for any reason, it appears that there is no legal vexatiousness in the second suit, it will not be abated because another suit was pending when the second was commenced.—*State v. Dougherty*, 45 Mo. 294; Code of 1886, § 2741.   The section of the Code referred to seems to have been enacted for the purpose of eliminating the vexatiousness of a second suit.   It confers on the plaintiff an unlimited right to dismiss his suit in vacation, and only requires him to give notice of the intended dismissal, when the summons has been executed. *Wilson v. Pearson*, 102 N. C. 290; *Boland v. Benson*, 50 Wis. 225.

2.   *Foster v. Napier*, 73 Ala. 595, is not opposed to this view of the law.   The question of the dismissal of the first suit did not arise in that case, and each of the two pleas of the pendency of a former suit contains the averment that the first suit is still pending and undetermined.   That opinion and the reference to section 3025 of the Code of 1876, which is identical with section 2741 of the Code of 1886, show that if Napier had dismissed his first suit, or given notice of his intention to do so under that statute, the court would not have sustained the plea in abatement.   The case of *Napier v. Foster*, 80 Ala. 379, has been misunderstood.   The only question involved

in that case was the avoidance of the plea of the statute of limitations by a replication bringing the case within the influence of section 2623 of the present Code (§ 3235 of the Code of 1876). In his opinions in this case and in *Jones v. McPhillips*, 82 Ala. 102, Chief Justice Stone refers to *Foster v. Napier*, 73 Ala. 595, as if the question of the dismissal of the first suit was raised by the pleadings in the second suit. It is respectfully submitted that no such question arose in the last named case. Indeed, on this point, the present case is totally different from the case of *Foster v. Napier*, 73 Ala., or any other case that has been considered by this court. No other case can be found in which the remedial provisions of section 2741 of the Code have been employed and that section has never been judicially construed.

3. By pleading to the jurisdiction of the court in Jefferson county, appellee obtained a dismissal of the first suit, of which dismissal it had due notice before the second suit was instituted, and it thus estopped itself from pleading the pendency of a former suit in a court of competent jurisdiction.—*Hill v. Huckabee*, 70 Ala. 183 ; 7 Amer. Eng. Encyc. of Law, 1 ; *Caldwell v. Smith*, 77 Ala. 157; *Jones v. McPhillips*, 82 Ala. 102. It is well settled that if the first suit is pending in a court without jurisdiction, the second suit will not be abated thereby.— *Rood v. Eslava*, 17 Ala. 430.

4. The rule as laid down in 1 Bacon's Abridgement 28 M., has been greately modified by modern adjudications, and the statute of Alabama, § 2741 of the Code, really enacts their spirit. It is the vexatiousness of the second suit which the law abhors ; but if the second suit has been compelled to have been dismissed by a successful plea in abatement to the first ; or if under our statute, due notice of the dismissal of the first has been given before the commencement of the second ; then, in either of these events the second is free from vexatiousness, and the rule, as laid down by Bacon, ceases to have any operation.—1 Encyc. Plead. & Prac., 755 ; *Toland v. Tichener*, 3 Rawle (Pa.) 320 ; *Wales v. Jones*, 1 Mich. 254 ; *Bancroft v. Eastman*, 7 Ill. 259.

### On Application for Rehearing.

The opinion delivered proceeds on the predicate that

[Coaldale Brick & Tile Co. v. Southern Construction Co. of Kentucky.]

it is a settled doctrine in Alabama, that the dismissal of the first suit before the filing of the plea in abatement to the second, can exert no influence on the determination of the plea, if the first suit was pending when the second was commenced. This precise point was determined in 1832 by the Supreme Court of Alabama. "A plea to the action of debt averring the existence of a former action for the same cause, which had been dismissed by plaintiff, held, not a good plea."—*Bullock v. Perry*, 2 Stew. & Porter 319. This case has never been overruled or modified by any subsequent deliverance of this court.

In this case the anomaly is presented of permitting the appellee to obtain a dismissal of the first suit by a plea denying the jurisdiction of the court over the person of appellee, and then defeating the second suit by a plea averring that the first suit was pending in a court of competent jurisdiction at the time the second was begun. The mere statement of the proposition shows that it is the appellee who is vexing the appellant, and that the conclusion of law to the contrary effect is a most erroneous one. If there is such a thing as estoppel in pleading, it surely arises from such a state of facts.—1 Amer. & Encyc. of Law, 1 *et seq.*; *Hill v. Huckabee*, 70 Ala. 183.

TOMPKINS & TROY, *contra.*—1. The question, and the sole question is, was the second suit vexatious at the time it was commenced. If it was vexatious at the time it was commenced, then the law says, it ought to be abated. It was brought in violation of the law, and it is illogical and unreasonable to say that an act done by the party after he had vexatiously brought the second suit against the defendant can relieve him against the penalty which the law imposes for this vexatious suit, to-wit, its abatement. This court has really settled this question in the case of *Foster v. Napier*, 73 Ala. 603.

2. It is the institution of the second suit that the law deems vexatious, and it is the institution of the second suit that the law discountenances. The law does not say to a man that you may bring your second suit, or, your third, fourth, fifth, or sixth, provided you dismiss all the others before the defendant can file his plea in the sixth suit. The defendant is vexed and harassed

39

by the fact that he is sued the second time on the same cause of action while the first suit is pending against him.—*Parker v. Colcord,* 2 N. H. 36 ; *Com. v. Churchill,* 5 Mass. 174 ; *Gamsby v. Ray,* 52 N. H. 513 ; *Curtis v. Piedmont &c. Co.,* 109 N. C. 401.

3. The authorities holding the contrary of this view base their conclusions upon the proposition that the vexation and oppression is a matter of fact and not a presumption of law. This conclusion is necessary if the pendency of the former suit at the time the plea is filed is essential to the sufficiency of the plea ; but as this court has adopted the contrary view, that the vexatiousness and oppression is a conclusion of law from the bringing of the second suit while the first is pending, it follows that the second suit must be abated, although the first may have been dismissed before the plea is filed. The reason for this rule being the correct rule in Alabama, is the stronger when we consider our statutory provision which allows the dismissal of a suit in vacation. There can be no necessity whatever for the plaintiff bringing the second suit before the dismissal of the first. He has a right to dismiss it on motion before the clerk, and is not required to give any notice that he will make such motion ; but he is required to notify the defendant of the dismissal. The fact that the defendant had pleaded in abatement to the former suit, does not alter the case. The circuit court of Jefferson county had jurisdiction of the subject matter. The defendant was compelled to appear in court and defend the case, and it was compelled to remain in court for the purpose of defending as long as the suit was there pending. It is certain that a judgment rendered against it in that suit could not have been void.

4. It is true that the defendant had pleaded in the Jefferson county circuit court that it could not be sued in that county, but that point was not adjudicated ; nor does it appear from the record that the first suit was dismissed because the defendant had filed that plea. The doctrine of estoppel, therefore, has no application.

HARALSON, J.—When a second suit has been commenced between the same parties while another and former suit between them, on the same cause of action, is pending, and the plaintiff dismisses the first action,

before the defendant files his plea in abatement of the pendency of the second, whether such dismissal of the action first brought operates to deprive the defendant of the privilege of taking advantage, by his plea in abatement, of the pendency of the first suit at the time the second was commenced, is the question we have before us for decision in this case.

There is considerable conflict of authority on the subject; and it may be admitted, with the preponderance of modern authority in favor of the affirmative of this proposition.

A plea in abatement that there is a prior action pending between the same parties for the same cause, is admitted to be, in general, a good plea. The reason is, that the law abhors a multiplicity of suits, and will not permit a party to be harassed by two or more actions for the same thing, when the same result might be accomplished in one of them. The object of this rule is to prevent vexation.—Gould's Pl., p. 282, § 122.

The same author says in section 125 : ''It is immaterial whether the first suit is pending or not, at the time of the defendant's pleading in abatement of the second. If the first was pending when the second was *commenced*, the latter may be abated, as being vexatious *ab initio*. And on principle, it seems that this plea can never prevail, except in cases where the latter suit is vexatious.'' The same doctrine is thus stated in 1 Bacon's Ab. 28 M : ''The law abhors multiplicity of actions, and, therefore, whenever it appears on record, that the plaintiff has sued out two writs against the same defendant, for the same thing, the second suit will abate; for if it were allowed that a man should be twice arrested, or twice attached by his goods for the same thing, by the same reason he might suffer *in infinitum*; and it is not necessary that both should be pending at the time of the defendant's pleading in abatement; for if there was a writ in being at the time of suing out the second, it is plain the second was vexatious and ill *ab initio*.'' And as supporting the same doctrine, the following cases are cited : *Parker v. Colcord*, 2 N. H. 36; *Com. v. Churchill*, 5 Mass. 174; *Beach v. Norton*, 8 Conn. 74; *Frogg v. Long*, 3 Dance, 157; *Gamsby v. Ray*, 52 N. H. 513; *Demond v. Crary*, 1 Fed. Rep. 480; *Knight's Case*,

1 Salk. 329; *Hopkins v. Ludlow*, 1 Phil. (Pa.) 272; *Curtis v. Piedmont*, 109 N. C. 401.

To the foregoing doctrine this court has given its sanction. In the case of *Foster v. Napier*, 73 Ala. 603, after quoting the foregoing extract from Bacon's Abridgement, it was added: "It is the pendency of two suits for the same cause, their existence *simul et semel*, the law deems vexatious and discountenances. However meritorious may be the cause of action, it must not be employed for the purpose of oppression; and when a defendant is twice impleaded by the same plaintiff, for the same thing, the oppression and vexation is not a matter of fact; it is a conclusion of law, and is not dependent upon an inquiry into the actual circumstances of the two cases. * * * Whether the prior suit is capable of being made effectual, is, in the second suit, a collateral, incidental inquiry; however it may then be decided, the defendant is not by its decision relieved from its burdens. There is a continuing necessity that he should remain before the court, prepared to make defense against it. These are, in our judgment, the evils against which the principle is directed. There can be no necessity for the institution or the pendency of two suits for the same matter, at the same time. The security of the plaintiff can not require it. If the prior suit is defective and must prove ineffectual, the statute authorizes its dismissal in vacation.—Code, § 2741, (3025)." The section of the Code here referred to, was adopted, originally, it would seem, in recognition of the rule that a second suit between the same parties for the same cause of action, can not be instituted while the former suit is pending, and to do away with the necessity of delaying until the next term of the court, to dismiss the first, so as to make the institution of the second legal. The rule as laid down in the case last referred to, where the question received very full consideration, was recognized still later, where it is said in an opinion rendered by the late Chief Justice Stone: "The case of *Napier v. Foster*, 80 Ala. 379, holds, that a pending suit, although fatally defective, and subsequently dismissed on that account, will defeat a second suit on the same cause of action, brought before the dismissal of the first."—*Jones v. McPhillips*, 82 Ala. 102, 117. We are unwilling to disturb the authority of these cases, in line with former adjudi-

[Coaldale Brick & Tile Co. v. Southern Construction Co. of Kentucky.]

cations of this and other courts, although it may appear that the majority of decisions of other courts hold to a different view. With the aid of the statute, it does not appear that the old rule is less promotive of the ends of justice than the more modern one.

What we have said renders it unnecessary to notice the replication of the plaintiff to the defendant's plea of the pendency of another suit, further than to say, that the plea to the first action in the circuit court of Jefferson county, against its jurisdiction of said cause, did not, in any way, estop the defendant from pleading the pendency of that suit against the one brought, before its dismissal, in the circuit court of Montgomery county. The pendency of either, might have been pleaded in abatement to the other. The first stood for trial on the plea interposed in it, at and after the commencement of the second action, and was vexatious on that account.

It ought to be added that the principle declared is applicable where the court in which the first suit was brought and is pending has jurisdiction, as in this case, of the subject matter, and that the pendency of such proceeding in a court having no such jurisdiction, is no cause for the abatement of the proceeding in the same case in a court which has, and furnishes no ground for dismissing it from the latter court.—*Rood v. Eslava*, 17 Ala. 430; *Newton v. Newton*, 10 Pick. 470.

There was no error in the rulings of the court below, and its judgment is affirmed.

Affirmed.

### Response to Application for Rehearing.

PER CURIAM.—It is not a matter of dispute that a plea setting up in abatement of the action the pendency of an action previously instituted, between the same parties, for the same cause, in a court having jurisdiction of the subject matter, is good. Such was the case of *Foster v. Napier*, 73 Ala. 595. The plea in that case, as the record shows, alleged that the former action was still pending.

It is now presented, for the first time, so far as we have discovered, in this court, to determine whether or no the pendency of the former action at the time of the institution of the latter, the former being thereafter dis-

missed, before plea pleaded to the latter, is sufficient matter in abatement of the latter. The case of *Bullock v. Perry*, 2 Stew. & Port. 319, cited for appellant, has no application. There a dismissal of a former action was pleaded as a *retraxit* in *bar* of the new suit, and it was properly held that such a dismissal did not operate as a *retraxit*, withdrawing, renouncing and barring the cause of action. The authorities, at large, are divided upon the question. Upon reconsideration, we are of opinion that the decided weight of current modern authority favors the view, that the dismissal of the former action before the interposition of the plea in abatement of the new suit, removes the cause of abatement. See authorities collected in 1 Encyc. Pl. & Pr., 755, also notes in 84 Am. Dec. 452 and 8 Am. & Eng. Encyc. of Law, 551.

We adopt this view of the law, and order that the judgment of affirmance heretofore rendered be set aside, and that the judgment of the circuit court be reversed and the cause remanded.

Application for rehearing granted; former judgment set aside, reversed and remanded.

Brickell, C. J., and Haralson, J., dissenting, and adhering to the former opinion.