[Sloss-Sheffield Steel & Iron Co. v. Milbra.]

# Sloss-Sheffield Steel & Iron Co. v. Milbra.

## Damage for Death of Servant.

(Decided June 27, 1911. 55 South. 890.)

1. *Pleading; Duplicity.*—A plea, called a plea in abatement, which sets up facts, which, if true, would be good in bar as a plea of ne unques administrator, and in abatement as a plea of another action pending, is bad for duplicity.

2. *Same; Dilatory Pleas.*—At common law, pleas in abatement were not favored.

3. *Same; Demurrer; Grounds.*—In pleas in bar at the common law, defects in form were treated as defects in substance, and all defects in such pleas, except for duplicity, were reached by a general demurrer.

4. *Same; Distinction Between Abatement and Bar.*—Under the present Code, pleas in bar and in abatement stand upon the same footing as to form while the main distinction at common law between the two pleas was that the plea in abatement must not only point out the plaintiff's error, but must show how the error should be corrected; in other words, must give the plaintiff a better writ.

5. *Same; Another Action Pending; Sufficiency.*—Where the action was by an administrator for damages for the death of his intestate, and the defendant pleaded in abatement that previously the administrator of this same intestate instituted suit in the circuit court of the same county, a court having jurisdiction of the subject matter and parties of this suit, against this defendant upon the identical cause of action stated in the suit filed in this cause, in which suit defendant had impleaded, which said suit was still pending in this county undisposed of, was good on demurrer under section 5330, Code 1907.

6. *Same; Abatement; Form and Requisite.*—A plea in abatement must set out facts which will show that the first action operates to abate the second; but the plea need not ask that the summons be quashed or the suit abated, although that should be the effect of sustaining the pleas; nor need the pleas recite or set out the summons or complaint in either action, but it is necessary, however, to allege that the first suit was pending when the plea was filed.

7. *Appeal and Error; Harmless Error; Pleading.*—Where a demurrer to a good plea in abatement is sustained, and another plea, called a plea in abatement, but which in effect, is both a plea in abatement, and a plea in bar, was overruled, the sustaining of the demurrer to the first plea in abatement is prejudicial error, since to sustain the second plea, the defendant would not only have to prove his plea in abatement, but also his plea in bar, and the proof which would support the verdict upon the first plea would not have supported one under the second.

[Sloss-Sheffield Steel & Iron Co. v. Milbra.]

8. *Abatement and Revivor; Another Action Pending.*—The pendency of a prior suit in a court of competent jurisdiction between the same parties will abate a later suit because the latter is deemed unnecessary and vexatious; but the plea is not available unless the judgment which would be rendered in the prior action would be conclusive between the parties and operate as a bar to the same.

9. *Charge of Court; Explanatory Charges.*—Charges explanatory of charges given for the adversary party should not be refused.

10. *Same; Invading Province of Jury.*—Where the action was for damages for negligence causing the death of plaintiff's intestate, a charge asserting that if the negligence of a third person was the sole proximate cause of the death of plaintiff's intestate, plaintiff could not recover; but if defendant is guilty of negligence which proximately helped to cause the death of intestate, then the negligence, if any, of such third person, even though it also helped to cause death, would be no answer to the negligence of defendant, states a correct proposition of law, applicable to and illustrated by the facts of the particular case, as it does not request or even suggest a finding for the plaintiff on the facts hypothesized, or on any other facts.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

Action by Levi Milbra, as administrator, against the Sloss-Sheffield Steel & Iron Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The pleadings noted in the opinion sufficiently appear therefrom. Charge 2, given for the plaintiff, is as follows: "While, if the negligence of John Moore was the sole proximate cause of the death of Edward Milbra, plaintiff could not recover, yet if the jury are reasonably satisfied from the evidence that the defendant was guilty of negligence which proximately helped to cause the death of Edward Milbra, then the negligence, if any, of John Moore, even though it also helped to cause the death, would be no answer to the said negligence of the defendant, if any."

TILLMAN, BRADLEY & MORROW, and L. C. LEADBEATER, for appellant. The court erred in sustaining demurrer to defendant's plea in abatement.—Section 2490, Code 1907; *Foster v. Napier*, 73 Ala. 596; *Watson*

*v. Jones,* 20 L. Ed. 666; *Elliott v. Gwinn,* 98 N. W. 625; *Richardson v. Opelt,* 82 N. W. 377; 48 N. E. 352; 1 Cyc. 33; *Martin v. Ellerbe,* 70 Ala. 326; *Orman v. Lane,* 130 Ala. 305. The court erred in his charge given for the plaintiff.—*Bullard v. A. G. S.,* 167 Ala. 618; *Garth v. N. Ala. T. Co.,* 148 Ala. 103. The court erred in overruling defendant's motion for a new trial.—*Florence C. & I. Co. v. Fields,* 104 Ala. 480; *E. T. V. & G. Co.. v. Bayliss,* 75 Ala. 466.

BOWMAN, HARSH & BEDDOW, for appellee. Pleas in abatement are not favored, and are construed most strongly against the pleader.—4 Mayf. 499. The plea does not sufficiently allege who was the administrator bringing the prior suit.—*Hooper v. Scarbrough,* 57 Ala. 513; *McDowell v. Jones,* 58 Ala. 25; *Hickey v. Stallworth,* 143 Ala. 539. It was necessary that the plea show that the former cause of action was pending at the time the plea was filed.—*Coldale B. & T. Co. v. Southern C. Co.,* 110 Ala. 613. There was no error in giving charge 2 for the plaintiff, as the charge was the mere statement of a correct proposition of law without direction to find for the plaintiff on the facts hypothesized. There was no error in declining to grant motion for a new trial.—*Jackson v. The State,* 34 South. 188; *Brown v. Johnson,* 135 Ala. 613.

MAYFIELD, J.—This action is by Levi Milbra, as personal representative, to recover damages for the wrongful death of his intestate, Edward Milbra.

The complaint joins counts under the employer's liability act (Code 1907, § 3910) with counts under the homicide act (Code 1907, § 2486). The complaint was filed on the 15th day of June, 1909, and on the 23d day of June, eight days thereafter, the defendant filed the following plea in abatement of the action, which was sworn to: "Now comes the defendant in the above-en-

titled cause, in its own proper person, and pleads in abatement to the suit filed in said cause that the plaintiff ought not to have and maintain this suit, for that, heretofore, to wit, on the 8th day of May, 1909, the administrator of this identical intestate, appointed by the probate court of Jefferson county, Alabama, instituted suit in the circuit court of Jefferson county, Alabama, which said court had jurisdiction of the parties and subject-matter of this suit, said suit being No. 8,108 in the circuit court of Jefferson county, against this identical defendant, upon the identical cause of action stated in the suit filed in this cause, which said suit is still pending in the said circuit court of Jefferson county, undisposed of; for that, long prior to the institution of the above-styled cause, this identical defendant impleaded in the said suit No. 8,108 in said circuit court in the identical cause of action heretofore instituted in said circuit court on the 8th day of May, 1909, as heretofore stated. Wherefore, the defendant prays judgment of this honorable court whether the plaintiff herein ought to further maintain this suit." No further pleadings were interposed nor action by the court taken until February 14, 1910, when separate and special demurrers were interposed to this plea in abatement, and were on the same date overruled.

The defendant on the same date filed a demurrer to the complaint, and pleas 1, 2, 3, and 5. Of these pleas, plea 1 was the general issue; plea 2 was contributory negligence; plea 3 was a plea of ne unques administrator; and plea 5 (as called on its face), a plea in abatement; but, in fact, law, and effect, it is a double plea—in bar and in abatement—in that it sets up facts which, if true, would be good in bar as a plea of ne unques administrator, and in abatement as a plea of another action pending. On the same day these pleas were filed, the court overruled demurrers to the third and fifth,

and sustained demurrers to the second, and the trial was had on the first, third, and fifth pleas, resulting in verdict and judgment for the plaintiff. From such judgment, this appeal is prosecuted.

It therefore sufficiently appears that the court sustained a demurrer to the plea in abatement set out above, which was filed June 23, 1909, and it expressly appears that the court overruled a demurrer to plea 5, which is called a plea in abatement, but is, in effect, a plea both in bar and abatement. In this the trial court was in error in both instances. The plea set out above —and to which the demurrer was sustained—was a good plea in abatement, while plea 5 was bad, in that it joined matter, both in bar and in abatement; but the latter ruling is only material on this appeal on the question as to whether the sustaining of the demurrer to the other plea was error, without injury. We cannot say that such was without injury. In order to sustain the fifth plea, defendant would not only have to prove his plea in abatement, but also to prove his plea in bar, that is, a plea of ne unques administrator. Proof which would have supported a verdict under the second would not have supported one under the fifth.

We do not know upon what theory the trial court held this plea in abatement insufficient. It seems to conform to all the requisites of such pleas. It is true that at common law pleas in abatement were not favored. Defects in form, as to such, were treated as defects in substance as to pleas in bar; and all defects in such pleas, except for duplicity, were then reached by a general demurrer. The English statute of 4 Anne, c. 16, § 1, requiring special demurrers as to various causes, had no application to pleas in abatement. But by our statute of 1807 (Clay's Digest, p. 321) it became necessary to demur specially as to any defect of form in writs, complaints, pleas, or other pleadings. How-

ever, by the act of 1824 (Clay's Digest, p. 334), special demurrers, for all purposes, were abolished for all purposes, the statute providing that "no demurrer shall have any other effect than that of a general demurrer;" but this last act was held not to extend to pleas in abatement.—*Casey v. Cleveland,* 7 Port. 445; *Humphrey v. Whitten,* 17 Ala. 30. But the Code of 1852 instituted a new system of pleading and practice in this state. Section 2236 of that Code (section 5330, Code of 1907) provided that pleas must consist of a sufficient statement of the facts relied on in bar or *abatement* of the suit, and no objection can be taken thereto, if the facts are so stated that a material issue can be taken thereto.

Since the Code of 1852, it has been ruled by this court that pleas in bar and abatement stand upon the same footing.—*Hall v. Brazelton,* 46 Ala. 359; *Lang v. Waters,* 47 Ala. 624; *Mohr v. Chaffe,* 75 Ala. 387. Many decisions of this court may be found cited in Mayfield's Digest, vol. 4, p. 499, and in note to section 5330 of the Code, under the different statutes which have governed in this state, and when the statutes change the law, of course, the decisions must of necessity change. One of the main distinctions between pleas in abatement and pleas in bar is that the former must not only point out the plaintiff's error, but must show how the error can and should be corrected; in other words, it must give the plaintiff a better writ.—1 Chit. Pl. (16th Ed.) 362.

It was said by this court (speaking by BRICKELL, C. J.), in the case of *Foster v. Napier,* 73 Ala. 603: "The principle is well settled that the pendency of a prior suit for the same thing, or, as is generally said, for the same cause of action, in a court of competent jurisdiction, between the same parties, will abate a later suit; because the latter is deemed unnecessary and vexatious. * * * The reason of the principle is well expressed

in the familiar maxim, 'Nemo debet bis vexari, si constet curiæ quod sit, pro una et eadam causa.' The doctrine is thus stated in 1 Bac. Ab. 28, M. : "The law abhors multiplicity of actions, and therefore, whenever it appears on record that the plaintiff has sued out two writs against the same defendant, for the same thing, the second writ shall abate; for if it were allowed that a man should be twice arrested, or twice attached by his goods for the same thing, by the same reason he might suffer in infinitum; and it is not necessary that both should be pending at the time of the defendant's pleading in abatement; for if there was a writ in being at the time of the suing out of the second, it is plain that the second was vexatious and ill ab initio.' It is the pendency of two suits for the same cause—their existence simul et semel—the law deems vexatious and discountenances. However meritorious may be the cause of action, it must not be employed for the purpose of oppression; and when a defendant is twice impleaded by the same plaintiff, for the same thing, the oppression and vexation is not matter of fact; it is a conclusion of law, and is not dependent upon an inquiry into the actual circumstances of the two cases. * * * The plea of pendency of a prior action for the same cause, between the same parties, stands upon like principles, and is supported by like evidence, as a plea of a former recovery. The two pleas have not the same, but a like, office; the difference is that the one is interposed because of the pendency of the first action, the other after its termination; the one is in abatement of the second suit, the other in bar, to defeat it absolutely. The plea is not, therefore, available, unless the judgment which could be rendered in the prior action would be conclusive between the parties, and operate as a bar to the second.—*Rood v. Eslava*, 17 Ala. 430; *Newell v. Newton*, 10 Pick. [Mass.] 470."

Tested by these rules, under our statutory system of pleading and practice, the plea was sufficient. If the facts stated in that plea were true, there can be no doubt that the causes of action in the suits were the same, and that the pendency of either one should abate the other, and that judgment and satisfaction in the one case would be·a bar to recovery in the other.

We cannot agree with counsel for appellee that this plea was so "confused and misleading as to be almost unintelligible." It contained such a succinct statement of the necessary facts to abate the suit brought that a material issue could and should have been taken thereon.—Code, § 5330.

It was not necessary that the plea should state the name of the personal representative who brought the other suit, or show that it was the same person who brought this action. It showed that both suits were for the same cause of action,· viz., the wrongful death of this plaintiff's intestate; and that the former action was brought,·by the personal representative of such intestate, on the same cause of action on which this plaintiff, as such administrator, had brought this suit. If the facts stated in that plea are true, it is certain to all intents that this defendant was being prosecuted in two suits, in two state courts having concurrent jurisdiction, for one and the same cause of action. This is what: the law does not allow and what the plea intended to prevent; and, if the facts stated therein were true, it would have been prevented but for the error of the court in sustaining the demurrer thereto. If the facts stated in this plea are true, this last action brought was both unnecessary and vexatious. It is for this reason that the pendency of the first is ground for abating the second. It is the purpose of such pleas to invoke an inquiry into the facts, and to thus determine whether the second is unnecessary and vexatious.—*State v. Dougherty*, 45 Mo. 294; *Gamsby v. Ray*, 52 N. H. 513,

The plea, to be good, must, of course, set out facts which will show that the first action operates to abate the second.—*Miller v. Rigney,* 16 Ind. 327. The plea need not ask that the summons be quashed or the suit abated, though that should be the effect of sustaining the plea.—*Dawley v. Brown,* 9 Hun (N. Y.) 461. Nor need the plea recite or set out the summons or complaint in either action.—*Lee v. Hefley,* 21 Ind. 98. The plea not only alleged that the first suit was pending when the second was brought, but also alleged that it was pending when the plea was filed; and it was therefore sufficient, under the rule declared on the application for a rehearing in the case of *Coaldale Brick Co. v. Sou. Const. Co.,* 110 Ala. 605, 613, 19 South. 45, which decision changed the rule in this state as to the necessity of alleging that the first suit was pending when the plea was filed.

There was no error in the giving of charge 2, at the request of the plaintiff. It appears that this charge was probably explantory of other charges given at the request of defendant, and for this purpose, if for no other, it was proper and free from error. It is not open to the objection urged against it that it authorized or requested a verdict upon proof of facts not alleged, or of facts outside of the issues upon which the case was tried. The charge did not request or suggest a finding for the plaintiff on the facts hypothesized, or upon any other facts. It merely stated a correct proposition of law which was applicable to, and illustrated by, the facts of the particular case. There was neither harm nor error in giving the charge.

As the case must be reversed, it is unnecessary to pass upon the question going to the denial of the motion for a new trial.

Reversed and remanded.

SIMPSON, ANDERSON, SAYRE, and SOMERVILLE, JJ., concur.