# Interstate Chemical Corporation *v.* Home Guano Co.

### Assumpsit.

(Decided April 19, 1917.   75 South. 166.)

1. **Abatement and Revival; Dismissal of Other Action Pending.**—The second action between same parties for same cause in a court of competent jurisdiction will not be abated for pendency of the first action if first is dismissed before filing of plea in abatement in second; but this rule will not be extended to cases where the discontinuance of the first action occurred after filing of plea in abatement of the second action.

2. **Abatement and Revival; Waver of Grounds of Abatement.**—The filing of interrogatories by defendant as provided by Code 1907, section 4049, does not operate as a waiver of grounds of abatement alleged.

3. **Pleading; Plea in Abatement; Action Pending in Federal Court; Sufficiency of Plea.**—Amended plea in abatement alleging pendency of another action in Federal court was deficient in not alleging pendency of such action at time of filing original plea in view of. Code 1907, sections 5366, 5369, providing that amendment of such plea relates back to date of filing of the original plea.

4. **Abatement and Revival; Action Pending in Federal Court.**—The pendency of an action between same parties and for same cause in a United States District Court is cause for abatement of subsequently instituted action in a state court.

[Interstate Chemical Corporation v. Home Guano Co.]

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Assumpsit by the Interstate Chemical Corporation against the Home Guano Company. Judgment for defendant and plaintiff appeals. Reversed and remanded.

HARRY T. SMITH & CAFFEY for appellants. T. M. ESPY and FARMER & FARMER for appellee.

McCLELLAN, J.—Effecting to change the rule that had previously prevailed here, it was decided on rehearing in *Coaldale Brick Co. v. Sou. Const. Co.*, 110 Ala. 605, 613, 614, 19 South. 45, that a second action, between the same parties for the same cause, in a court of competent jurisdiction, could not be abated because of the pendency of the first action if the first action was dismissed before the filing of a plea in abatement of the second action because of the pendency of the first action. This announcement was repeated in *S.-S. & I. Co. v. Milbra*, 173 Ala. 658, 666, 55 South. 890. The court attained this conclusion notwithstanding it accepted the doctrine illustrated in *Foster v. Napier*, 73 Ala. 595, that the second action could be abated on plea to that end if the former action (still pending when the second action was commenced) was for the same cause, between the same parties, in a court having jurisdiction of the subject-matter. The necessary result was to affirm that the offense or wrong, so to speak, given or done by the institution of the second action under those circumstances might be, in fact was in that case, atoned for if the first suit was dismissed before plea filed. Reference to the *Milbra Case, supra*, and to *Howell v. Howell*, 171 Ala. 502, 511, 54 South. 601, the former involving a consideration of the sufficiency of a plea in abatement because of the pendency of a previously instituted action, and the latter, the matter of evidence in support of the averment of the pendency of the previous action when the second bill was filed as well as when the plea in abatement was filed, discloses that the time and efficiency of the atonement that may be afforded by a dismissal of the first action were not factors affecting the judgment of this court in those cases.

(1) The court has accorded the fullest consideration to the earnest argument of counsel for appellant wherein he strongly presses for an extension of the rule announced in the *Coaldale*

*Case,* so as to permit a plaintiff to accomplish the like atonement by discontinuing his first action after plea in abatement of the second action has been filed.    This contention is well supported by decisions in other jurisdictions and by the texts of highly respectable special writers.—1 C. J. pp. 94, 95, and notes; 1 Cyc. p. 25.    This court regards the *Coaldale Case* as defining a rule and fixing its limits in the presently pertinent respect.    There was forceful dissent from even that change of the rule.    It seems to be certain that the *Coaldale Case* effected the only change the majority of the court was willing to make in the then-existing law on this particular subject.    Doubtless the court considered the more extended opportunity afforded a plaintiff by the rule announced in the *Coaldale Case* to avert the consequence of his own wrongful act in instituting a second action when his first action was still pending was the most a plaintiff could reasonably expect or urge.    This court is not persuaded that the rule of the *Coaldale Case* should be so extended as to avert an abatement of the second action by dismissing the first after plea in abatement of the second action has been filed.    If the suggested extension of the doctrine of the *Coaldale Case* could be considered from the viewpoint of a plaintiff alone, the natural reluctance of this court to alter rules of this character without previous warning to parties and to trial courts of the change proposed would be, of course, largely neutralized; but when the worthy claim and just right of a defendant not to be impleaded a second time, for the same cause in a court of competent jurisdiction, while the former action is pending are taken into account, an element of the inquiry is afforded that quite naturally, we think, inclines to leave the established, very reasonable rule as it is.

The fourth headnote to *McLaughlin v. Beyer,* 181 Ala. 427, 61 South. 62, is not justified by the court's opinion.

(2) The second replication to the amended plea in abatement shows on its face that the affirmative discontinuance of the first action was effected after the original plea in abatement was filed. The court's action in sustaining the demurrer taking that objection was correct.    The necessary application of the doctrine of *Oates v. Clendenard,* 87 Ala. 734, 735, 736, 6 South. 359, requires the affirmance of the trial court's action in sustaining the demurrer to the third replication to the amended plea in abatement. That replication sought to assert a waiver of the plea through the filing of interrogatories by the defendant to the plaintiff

under the provisions of Code, § 4049. It was held in the *Oates Case* that a demand for a bill of particulars did not operate a waiver of the matter of abatement asserted. The act of filing these interrogatories, under the statute cited, could not, to reiterate the reason of the *Oates Case,* be interpreted or construed as "an admission that the defendant was rightly in court."

(3) The amendment of the original plea in abatement related back to the date of the filing of the original plea.—*Code,* §§ 5366, 5369. It appears from the amended plea that when the second action was commenced in the circuit court of Alabama the first action was pending in the United States court for the Southern division of the Middle district, at Dothan, Ala. The amended plea did not carry the averment that at the time the original plea in abatement was filed, or at the time the amended plea was filed, the first action was still pending in the United States District Court. The amended plea should have borne the allegation that the first suit was still pending.—*Coaldale Case, supra; S.-S. S. & I. Co. v. Milbra, supra.* This fault in the amended plea was pointed out by the third ground of the demurrer. It was error to overrule the demurrer on that account.

(4) In *Orman v. Lane,* 130 Ala. 305, 30 South. 441, this court decided that the pendency of an action in a United States District Court in Alabama was good cause of abatement of a subsequently instituted like action in the courts of the state of Alabama. From the authority of that decision it results that the trial court did not err in overruling the first and second grounds of demurrer to the amended plea in abatement. The report of the appeal will contain these grounds as well as the amended plea. The amended plea appears to have been verified, thus depriving the fourth ground of demurrer of its point.

For the single error in overruling the demurrer, as referred to its third ground, the judgment must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.