199 So. 485
**WALTER T. WEAVER CO. et al. v. LONGSHORE.**

4 Div. 160.

Supreme Court of Alabama.

Dec. 19, 1940.

Reed & Reed, of Centre, for appellants.

Warren S. Reese, Jr., of Montgomery, for appellee.

BROWN, Justice.

This appeal is from an interlocutory decree overruling the defendants' demurrer to the bill, filed by the complainant, a minority stockholder, against the corporation defendant and its president, seeking a personal decree for wages or salary earned as an employee of the corporation, and, to quote from the prayer of the bill "that an accounting of the assets of the Respondent Corporation, and accounts, and doings and, management thereof, be had upon a reference, and that upon such reference, it be ascertained and determined what amounts had been received by Respondent Corporation, and what amounts should properly have been charged to operating and other legitimate and lawful expenses, and what amount should have been credited as net earnings, and profit, and surplus of the Corporation, and that if, upon such accounting and reference, it be ascertained and found that the Corporation has earned profits over and above lawful expenses, and that the same be ordered to be shown on the books of the company, as such, and either credited to surplus account, or paid out as dividends as may seem proper and meet to the court; and further, that *if* it be found that dividends, or salaries, or other sums, have been improperly and illegally paid out and received, that the court will so decree, and will order and direct the respondent Walter T. Weaver to restore the same, or failing so to do, that a decree be entered against him personally therefor." (Italics supplied.)

There is an absence of allegation in the bill showing fraud or maladministration on the part of the officers and directors of the corporation, destructive or injurious to the corporation, and in the absence of such showing, it is well settled that a court of equity will not interfere with the internal business management of corporate affairs by the board of directors so long as they keep within the scope of the charter powers. Holcomb et al. v. Forsyth, 216 Ala. 486, 113 So. 516.

We are, therefore, of opinion that the bill is without equity as to either of its aspects. Certainly if the corporation is indebted to the complainant for wages or

salary, he has an adequate remedy at law against the corporation, and in this aspect the bill is wholly without equity as to either the corporation or Weaver. If the officers of the corporation refuse to let the complainant, as a minority stockholder, examine the books his remedy is mandamus. Burns v. Drennan, 220 Ala. 404, 125 So. 667.

And application of the principle above stated denies its equity on the other aspect.

■ We are further of opinion that the averment that "Lamar Longshore is a bona fide resident of the State of Alabama" is too general to meet the purposes of the rules of good pleading stated in Shepherd et al. v. Birmingham Trust & Savings Co., 233 Ala. 320, 171 So. 906, rendering the bill as a whole subject to the 2nd specific ground of the demurrer, as well as the general demurrer for want of equity.

■ The ruling of the court holding insufficient the defendants' plea in abatement first filed is not reviewable on this appeal. 48th Street Inv. Co. et al. v. Fairfield American Nat. Bank, 223 Ala. 44, 134 So. 803.

■ The sufficiency of the "additional plea in abatement" was not set down on its sufficiency. The dismissal of the bill first filed, after the plea was filed, does not avoid the effect of the plea. Interstate Chemical Corporation v. Home Guano Co., 199 Ala. 583, 75 So. 166.

For the error in overruling the demurrer to the bill as a whole, the decree of the circuit court is reversed and the cause remanded.

Reversed and remanded.

GARDNER, C. J., and THOMAS and KNIGHT, JJ., concur.