9 So.2d 906

## FORD v. BOWDEN.
### 6 Div. 43.

Supreme Court of Alabama.

Oct. 8, 1942.

Tom B. Ward, Tom B. Ward, Jr., and J. Monroe Ward, all of Tuscaloosa, for appellant.

George M. Van Tassel, of Tuscaloosa, for appellee.

THOMAS, Justice.

The rulings on plea in abatement, replication and demurrer thereto are assigned as error.

The complaint was to the effect that the defendant wrongfully took possession of the body of his deceased sister and wrongfully retained the same after due demand therefor.

To plaintiff's complaint as last amended and each count thereof defendant filed a plea in abatement, charging, among other things, that plaintiff, prior to the time he brought his suit in the circuit court, had filed suit against the same parties for a like cause in another court. To this plea in abatement, plaintiff filed a replication and the effect of the ruling in the circuit court on the plea and the replication was for the plaintiff.

The judgment entry recites that the defendant filed his plea in abatement to the cause and upon consideration of it the court held that the same was not well tak-

en and should be overruled and further that "It is the order and judgment of the court that defendant's plea in abatement in this cause should be and the same is hereby overruled."

The plea in abatement was as follows: "Now comes the defendants in the above entitled cause in their own proper person, and plead in abatement to the suit filed in said cause that the plaintiff ought not to have and maintain this suit, for that, heretofore, to-wit, on the 26th day of October, 1939, the plaintiff in this cause William Bowden, instituted a suit in the Justice of the Peace Court of Adolph Forster, Beat Sixteen, Tuscaloosa County, Alabama, which said court had jurisdiction of the parties, and the remedy asked for purported to have jurisdiction of the subject matter of this suit, said suit being No. 399 in the Justice of the Peace Court of Adolph Forster, Beat Sixteen, Tuscaloosa County, Alabama, against this identical defendant, upon the identical cause of action stated in the suit filed in this cause, which said suit is still pending in the said Justice of the Peace Court of Adolph Forster, Beat Sixteen, Tuscaloosa County, Alabama, undisposed of; for that this identical defendant impleaded in the said suit No. 399 in said Justice of the Peace Court in the identical cause of action heretofore instituted in said Justice of the Peace Court on the 26th day of October, 1939, as heretofore stated. Wherefore, the defendant prays judgment of this honorable court whether the plaintiff herein ought to further maintain this suit."

The replication before the court does not show the date when the suit mentioned in the replication was dismissed from the justice court. It does not appear from the replication whether or not the plaintiff dismissed his suit before or after defendant's plea in abatement was filed in the cause. The plaintiff's replication does not show that plaintiff's suit was filed in the justice court subsequent to plaintiff's suit filed in the circuit court. Such were the plaintiff's replications on which the court ruled in its decree, as we have indicated hereinbefore.

■ In the argument of counsel the treatment of the foregoing ruling was that both actions in the circuit court and in the justice court were filed on the same day. The statute pertinent thereto is Code of 1928 (Michie's Code), § 5657, Code 1940, T. 7, § 146. The statute is construed to be

a codification of the common law [Ex parte Barclay-Hays Lumber Co., 211 Ala. 500, 101 So. 179], and taken from the Georgia Code. Ex parte Dunlap, 209 Ala. 453, 96 So. 441.

■ It is further held that under the statute the parties to the two suits and the cause of action in said suits must be the same. Ex parte Adams, 216 Ala. 241, 113 So. 235.

■ A later careful consideration of the statute in Alabama Power Co. v. Scottsboro, 238 Ala. 230, 190 So. 412, was to the effect that such a plea in abatement is good, even if the first suit was terminated after filing the plea.

■ The general authorities in other jurisdictions are collected in 118 A.L.R. p. 1478–1480. In Interstate Chemical Corporation v. Home Guano Co., 199 Ala. 583, 75 So. 166, the court recognized the rule adopted in Coaldale Brick & Tile Co. v. Southern Construction Co., 110 Ala. 605, 19 So. 45, holding that such a plea of abatement is not good where the prior action was dismissed before the filing of the plea. Such is the effect of Weaver Co. v. Longshore, 240 Ala. 345, 199 So. 485.

In Kemper v. Walker, 241 Ala. 115, 1 So.2d 376, 377, this court held: "This Court has held that a second suit may be abated on plea because of the existence of a prior one, though the prior suit was dismissed by plaintiff after the plea in abatement was filed. Interstate Chemical Corp. v. Home Guano Co., 199 Ala. 583, 75 So. 166. See, also, Alabama Power Co. v. City of Scottsboro, 238 Ala. 230, 190 So. 412.

■ If we come to a consideration of the first replication to the plea, the same would appear to be insufficient. As to the plea, the record fails to show demurrer to defendant's plea. However, this was not necessary. Weaver Co. v. Longshore, supra. The court had the right to pass on the sufficiency of the plea in abatement. This was done and held insufficient. As we see it, the question of which suit was filed first and when dismissed was open for proof to the court and no such proof was presented. Had the plaintiff the right of election as shown by his replication filed January 30, 1939?

Section 146, Title 7, Code 1940 relative to the election between actions reads as follows: "No suitor is entitled to prosecute two actions in the courts of this state

at the same time, for the same cause and against the same party, and in such a case the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously; and the pendency of the former is a good defense to the latter, if commenced at different times."

In the present state of the record, the foregoing statute is without application.

The replications do not show when the suit in the justice court was dismissed. The plea in question does show that defendant had interpleaded in the first or justice court case, and that said suit was still pending in that court when the plea here held insufficient was filed and ruled on by the court.

It follows from this, therefore, that there was error to reverse in the ruling on demurrer to replications and the holding of the plea insufficient.

Reversed and remanded.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.