Cornelius H. **DOHERTY**, Appellant,

v.

The **MUTUAL WAREHOUSE COMPANY**
et al., Appellees.

No. 16406.

United States Court of Appeals
Fifth Circuit.

June 18, 1957.

---

Cornelius H. Doherty, in pro. per.

James J. Carter, Henry C. Meader, Montgomery, Ala., Thomas B. Hill, Jr., Hill, Hill, Stovall & Carter, Montgomery, Ala., for appellees.

Before BORAH, RIVES and BROWN, Circuit Judges.

RIVES, Circuit Judge.

The complaint filed by the record owner of 37 out of a total of 150 shares of the capital stock of The Mutual Warehouse Company, an Alabama corporation, sought to enforce the declaration of a

reasonable dividend to the stockholders of record and also other relief which need not be considered on this appeal. The district court dismissed the action on the motion of the defendants based on various grounds, which may be briefly summarized as follows: (1) that the complaint did not show the plaintiff to be the real party in interest; (2) that all necessary and indispensable parties were not before the court; (3) that the plaintiff has failed to comply with Rule 23(b), Federal Rules of Civil Procedure, 28 U.S.C.A., relating to secondary actions by stockholders; (4) that the complaint did not state a claim showing that the plaintiff was entitled to relief. The plaintiff appealed from the judgment of dismissal.

In addition to the complaint and the motion to dismiss, the record contains an affidavit attached as an exhibit to the motion, some written interrogatories propounded to the plaintiff, and the plaintiff's objections thereto. The averments of the complaint, along with the other papers of record, disclose the following facts.

The Mutual Warehouse Company was incorporated under the laws of the State of Alabama on the 11th day of February, 1908, with a capitalization of $15,000.00 evidenced by 150 shares of common stock of a par value of $100.00 each. Two McIntyre brothers, now deceased, were the incorporators. Two nephews, James McIntyre and Edward McIntyre, received one share each in order to qualify as directors of the corporation. Upon the deaths of the original McIntyre brothers, these two nephews each received 37 additional shares, and their sisters, Marie McIntyre Murphy and Nora McIntyre Munger, each likewise received 37 shares. James and Edward have since acquired the shares of their sister Nora McIntyre Munger, and of the total of 113 shares thus controlled by them have transferred to Robert K. Terry, James' son-in-law, 12½ shares. The 37 shares left by the original McIntyre brothers to their niece, Marie McIntyre Murphy, now stand on the corporation's records in the name of the plaintiff, Cornelius H. Doherty, an attorney, who resides in Arlington, Virginia. Marie McIntyre Murphy resides in the District of Columbia, and the defendants sought by interrogatories to develop the fact that this action involves her interest and that she remains the real owner of the stock standing on the corporation's records in the plaintiff's name.

The original complaint named as parties defendant, The Mutual Warehouse Company, and James McIntyre, Edward McIntyre and Robert K. Terry, who own 113 shares of the 150 shares of stock and compose the board of directors of the corporation. James resides in the District of Columbia and process has not been served upon him, nor has he entered an appearance. Edward was served with process but died on May 2, 1956, only two weeks after the suit was commenced and before any appearance had been entered for him. His personal representative or heirs or his successor as a director have not been substituted as parties defendant. Thus the parties defendant who have been served and have appeared are The Mutual Warehouse Company and Robert K. Terry.

The complaint averred that the corporation has made substantial profits each year, but that no dividend has been declared since 1946. As of January 1, 1956, the corporation had a surplus of $188,738.38 represented by cash and liquid securities. The complaint alleged that the corporation could well reasonably pay a dividend of $100.00 annually per share. The directors have, however, repeatedly refused plaintiff's request to declare a dividend. The complaint alleged that such refusals are arbitrary and in bad faith; that the board of directors has increased Terry's salary as Vice-President from $350.00 a month to $600.00 a month and Edward's salary as Secretary and Treasurer from $100.00 a month to $350.00 a month, effective January 1, 1956, which the complaint alleged to be "far in excess of the value of the services rendered to the corporation," and has authorized the payment to James, the owner of the warehouse

property in which the corporation stores its cotton, of rent of $6,000.00 a year which the complaint charged "is far in excess of the fair rental value for the buildings." The complaint further alleged that the defendants are motivated in refusing to declare a dividend by personal reasons of income tax avoidance. and further that,

"The defendants, Edward McIntyre and James D. McIntyre, some time in 1952, entered into an agreement wherein they agreed not to declare any dividends so that the minority stockholders would become dissatisfied and be forced to sell their stock for only a part of its actual value and by reason of the action on the part of these defendants they were able to purchase the stock of their sister, Nora McIntyre Munger, for an amount far less than its actual value on the books of the corporation and then divided the stock equally between them."

By affidavit attached to the motion to dismiss, Nora denied this last charge and stated that she had been treated fairly by her brothers, Edward and James; that they had paid her $30,000.-00 for her 37 shares of stock, which she considered a fair and reasonable price and which represented a profit over and above the value of said stock at the time she inherited it.

■ 1. According to the averments of the complaint, is the plaintiff the real party in interest within the meaning of Rule 17(a), Federal Rules of Civil Procedure?[1] The complaint avers simply that the plaintiff "is the record owner of thirty-seven (37) shares of the capital stock of the defendant corporation." Professor Moore has well said that:

"The meaning and object of the real party in interest provision would be more accurately expressed if it read:

"*An action shall be prosecuted in the name of the party who, by the substantive law, has the right sought to be enforced.*" 3 Moore's Federal Practice, 2d ed., p. 1305, Para. 1702. See Young v. Powell, 5 Cir., 179 F. 2d 147, 150; Rock Drilling, Blasting, etc. v. Mason & Hanger Co., 2 Cir., 217 F.2d 687, 693.

Alabama has enacted the Uniform Stock Transfer Law, under Section 3 of which it would appear that, in the absence of some contrary notice, the corporation might safely pay dividends to the record owner of shares of its stock.[2] So far as presently appears, the record owner is the party having the right to be paid any dividends that may be declared,[3] and therefore, as plaintiff, is the real party in interest in an action to enforce the declaration of dividends.

■ That, in appropriate circumstances, a minority stockholder may invoke the jurisdiction of a court of equity to compel the declaration of dividends has been settled by the Supreme Court of Alabama:

"While it is largely a matter of discretion with the board of directors as to what use they will put the profits of the corporate business to, whether to declare dividends or use them in the business of the company, there is a limit to this discretion; and the courts will not allow the directors to use their power oppressively by refusing to declare dividends when the net profits and the character of the business warrant. A court of equity may compel the dec-

---

1. "Every action shall be prosecuted in the name of the real party in interest * * *." Rule 17(a), Federal Rules of Civil Procedure, 28 U.S.C.A.

2. "§ 50. *Corporation not forbidden to treat registered holder as owner.*
   "Nothing in this article shall be construed as forbidding a corporation, to recognize the exclusive right of a person registered on its books as the owner of shares to receive the dividends, and to vote as such owner, or to hold liable for calls and assessments a person registered on its books as the owner of shares." Title 10, Code of Alabama, 1940, Sec. 50, p. 178.

3. 13 Am.Jur., Corporations, § 699, p. 714, n. 18.

laration of dividends at the suit of a minority stockholder. 7 R.C.L. 294, § 269; United States L. Ins. Co. v. Spinks, 126 Ky. 405, 103 S.W. 335; Id. (Ky.) 96 S.W. 889, 13 L. R.A.(N.S.) 1053; Crichton v. Webb P. Co., 113 La. 167, 13 So. 926, 67 L.R.A. 76, 104 Am.St.Rep. 500; note Ann.Cas. 1913D, 777." Holcomb v. Forsyth, 216 Ala. 486, 113 So. 516, 521. See, also, Walter T. Weaver Co. v. Longshore, 240 Ala. 345, 199 So. 485, 486.

2. The action was brought against the defendant corporation and its three directors. The corporation and one of the directors were served with process and appeared. One of the other directors died after being served but before entering an appearance. The remaining director has not been served nor has he appeared. The question is therefore posed as to whether a majority of the corporation's board of directors are indispensable parties to an action by a shareholder to compel the declaration of dividends.

No Alabama case in point has been cited by either party. The question was not presented in Holcomb v. Forsyth, supra, though in that case the bill was filed by a minority stockholder against two of the three directors and against the corporation. That case points out that as to the corporation itself equity holds the directors liable as trustees, but as to third persons they are the corporation's agents. It may further be noted that, as such agents, the directors have authority and are under a duty to provide proper defense to legal proceedings brought against the corporation. 19 C.J.S. Corporations § 1066(b), p. 603; 13 Am.Jur., Corporations, § 967.

The corporation is the party from whom any dividends that may be declared must be recovered. Through service upon the corporation, the directors have notice and an opportunity to appear or to intervene if they so desire. The fact that some of the directors may not be amenable to process should not preclude relief, if the plaintiff is able to prove a meritorious case. We agree with the able opinion of Judge Goodrich for the Third Circuit in Kroese v. General Steel Castings Corporation, 179 F. 2d 760, 763–765, 15 A.L.R.2d 1117, that the district court has jurisdiction to compel the declaration of dividends even in the absence of a majority of the board of directors. See, also, Gordon v. Elliman, 306 N.Y. 456, 461, 464, 468, 474, 119 N.E.2d 331; Whittemore v. Continental Mills, D.C.Me., 98 F.Supp. 387, 391; Annotation 15 A.L.R.2d 1124, et seq.; contra, Schuckman v. Rubenstein, 6 Cir., 164 F.2d 952, 957.

3. A stockholder suing to compel the corporation to declare a dividend is enforcing a right common to himself and the other stockholders against the corporation, rather than a derivative right which calls for the application of Rule 23(b), Federal Rules of Civil Procedure. Holcomb v. Forsyth, supra; Knapp v. Bankers Securities Corporation, 3 Cir., 230 F.2d 717; 3 Moore's Federal Practice, 2d ed., Para. 23.16, p. 3509; compare Gordon v. Elliman, supra, and Price v. Gurney, 324 U.S. 100, 105, 65 S.Ct. 513, 89 L.Ed. 776.

4. Under the Federal Rules of Civil Procedure, "Cases are generally to be tried on the proofs rather than the pleadings." De Loach v. Crowley's, Inc., 5 Cir., 128 F.2d 378, 380; Stanaland v. Atlantic Coast Line R. Co., 5 Cir., 192 F.2d 432, 434; Des Isles v. Evans, 5 Cir., 200 F.2d 614, 616. Applying the substantive law of Alabama, as expressed in Holcomb v. Forsyth, supra, the averments of the complaint heretofore stated clearly plead such a case of abuse of discretion on the part of the directors in refusing to declare dividends as to call for a trial on the merits.

The judgment is therefore reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.