Cornelius H. **DOHERTY**, Appellant,

v.

The **MUTUAL WAREHOUSE COMPANY** and Robert K. Terry, Appellees.

No. 16972.

United States Court of Appeals
Fifth Circuit.
May 16, 1958.

---

**490**

Cornelius H. Doherty, in pro. per.

Thos. B. Hill, Jr., James J. Carter, Henry C. Meader, Hill, Hill, Stovall & Carter, Montgomery, Ala., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and CAMERON, Circuit Judges.

RIVES, Circuit Judge.

This action is by a minority shareholder against a corporation to compel declaration and payment of dividends. The averments of the complaint are recited at some length in a former opinion, as a result of which the cause was remanded for a trial on the merits.[1]

Upon the trial, most of the averments of abuse of discretion on the part of the directors were abandoned by the plaintiff, who declined to testify in his own behalf.

In Alabama, the law is well settled that a court of equity will not interfere with the internal business management of corporate affairs by the board of directors so long as they keep within the scope of the charter powers, and are not guilty of fraud, maladministration, or abuse of discretion. Holcomb v. Forsyth, 1927, 216 Ala. 486, 113 So. 516; Waldrop v. Martin, 1939, 237 Ala. 556, 188 So. 59; Walter T. Weaver Co. v. Longshore, 1940, 240 Ala. 345, 199 So. 485; Mudd v. Lanier, 1946, 247 Ala. 363, 24 So.2d 550; Ingalls Iron Works v. Ingalls Foundation, 1957, 266 Ala. 656, 98 So.2d 30, 37.

The district court made the following among other findings of fact:

"3. The original capital of the corporation was $15,000.00, and as of the end of the year 1955 the surplus of the corporation was $188,738.38.

"4. Prior to the year 1955, the management of the corporation had determined that for sound business reasons the corporation should accumulate a surplus of $200,000.00. At the end of the year 1956 the surplus of the corporation, for the first time exceeded $200,000.00; the surplus being $206,314.30. Early in 1957 the directors of the corporation declared a dividend of $6,000.00 to stockholders of record—being a $40.00 dividend for each share of outstanding stock.

"5. The decision not to declare a dividend for the year 1955 and to use the profits of the corporation in the business was not an abuse of discretion, and such refusal to declare a dividend was not arbitrary, nor was there any bad faith, or fraud or maladministration destructive or injurious to the corporation. The decision not to declare a dividend for 1955 and to accumulate surplus was consistent with the character and needs of the business. At all times here material the directors, officers and management of the corporation have acted fairly and in the utmost good faith in the handling of the business, management and corporate affairs of the corporation in the interest of the corporation."

This Court should not set aside those findings of fact unless it determines that they are clearly erroneous. Rule 52(a) Federal Rules of Civil Procedure, 28 U.S.C.A. After carefully reading and studying the record in the light of the briefs and oral argument, we find ourselves in entire agreement with the district court. No good purpose would be served by a more detailed discussion of the evidence. The judgment was right, and it is

Affirmed.

1. Doherty v. Mutual Warehouse Co., 5 Cir., 1957, 245 F.2d 609.