## JONES *vs.* LAWRENCE.

[ACTION ON ATTACHMENT BOND.]

1. *When action lies on attachment bond, for wrongful suing out of attachment.*—The fact that a non-resident debtor, against whom an attachment is here sued out by a non-resident creditor, did not have sufficient property in the State of his residence to pay all the debts then and there owing by him, although sufficient to pay the debt of such attaching creditor, (Code, § 2509,) is no defense to an action on the attachment bond, to recover damages for the wrongful suing out of the writ.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN GILL SHORTER.

THIS action was brought by Francis M. Lawrence, against Seaborn Jones and others; and was founded on an attachment bond, dated the 16th March, 1854, the condition of which was as follows: "The condition of the above obligation is such, that whereas the said Seaborn Jones has, on the day of the date hereof, prayed an attachment at the suit of himself, by his agent, John A. Jones, against the estate of the said Lawrence, for the sum of $4,327 64, and has obtained the same, returnable to the next term of the circuit court of Montgomery county,— now, if said plaintiff shall prosecute said attachment to effect, and pay the defendant all such costs and damages as he may sustain by reason of the wrongful or vexatious suing out of such attachment, then this obligation to be void," &c. The complaint alleged, that the condition of said bond "has been broken by the defendants, in this— that the said Seaborn Jones has failed to pay plaintiff all such costs and damages as he has sustained by reason of the wrongful and vexatious suing out of said attachment; and plaintiff avers, that said attachment was wrongfully and vexatiously sued out, to his damages as above stated; and that there was, at the time of the suing out of the same, or before or since, no legal cause or ground for

suing out said attachment; and that the said Seaborn Jones and himself, at the time of the suing out of said attachment, were both non-residents of the State of Alabama; and that he (the plaintiff) had sufficient property in Georgia, (which then was, and now is, the State of his residence,) wherefrom to satisfy the debt for which said attachment was sued out against him; and that the said defendants knew that he had sufficient property in said State of Georgia, wherefrom to satisfy said debt; and plaintiff denies that he had not sufficient property in the State of his residence, wherefrom to satisfy said debt for which said attachment was sued out."

"On the trial," as the bill of exceptions states, "the plaintiff introduced evidence tending to show his right to recover damages; and the defendants introduced evidence tending to show, that the plaintiff's property in Georgia, the State of his residence, at the time the attachment against him was sued out, although sufficient to pay the particular debt on which said attachment was sued out, was not sufficient to pay all the debts then owing by him in that State. On this evidence, the defendants asked the court to instruct the jury, that if the plaintiff's property in the State of his residence was not, at the time said attachment was sued out, sufficient to pay all the debts then and there due and owing by him, although sufficient to pay the particular debt on which the attachment issued, then the plaintiff could not recover; which charge the court refused, and the defendants excepted."

The refusal of the charge asked is assigned as error.

WATTS, JUDGE & JACKSON, for appellants.
GOLDTHWAITE, RICE & SEMPLE, contra.

R. W. WALKER, J.—This is a suit upon an attachment bond, given in a case in which a non-resident creditor sued out an attachment against a non-resident debtor. The Code requires that, in such a case, the plaintiff must, "in addition to the oath necessary in other cases, swear that, according to the best of his knowledge, information and belief, the defendant has not sufficient property within

the State of his residence, wherefrom to satisfy the debt."
Code, § 2509. The simple question presented for decision
is, whether, when the plaintiff in the attachment is sued
on his bond, for wrongfully suing out the attachment, he
makes a full defense to the action, by proving that, al-
though the debtor had sufficient property in the State of
his residence to satisfy the particular debt on which the
attachment issued; yet he did not have property in such
State sufficient to pay all the debts then owing by him,
and due therein. This question must be answered in the
negative. The plaintiff is to swear that, according to the
best of his knowledge, &c., the defendant has not suffi-
cient property within the State of his residence "to satisfy
*the debt.*" What debt? Obviously the debt to recover
which the attachment is sued out. The legislature has
required the non-resident creditor, when he proceeds
against another non-resident, to swear to a state of facts
which, if true, would clearly show that the creditor could
not, if he made the attempt, collect his debt in the State
of the debtor's residence. The uselessness of legal pro-
ceedings there, justifies the resort to the process of attach-
ment here. But it does not follow, that the creditor would
be unable to collect his debt in the State of the debtor's
residence, simply because the property of the debtor was
insufficient to satisfy all of his liabilities. It is not un-
usual for diligent creditors to collect the whole of their
demands against persons whose assets do not equal their
debts.

A resident creditor can not sue out an attachment
against a resident debtor, simply because the latter is in-
solvent; and no good reason can be assigned, why one
non-resident should be allowed to attach the property of
another, on grounds which would not justify such a pro-
ceeding on the part of one resident of the State against
another. If any difference should be made, it should be
rather in favor of the resident, than of the non-resident
creditor. The remedy by attachment is a harsh one, at
best; and this is especially the case, where both parties
are non-residents. We feel no disposition to extend the
right to the use of this process by one non-resident against

another, to cases not falling within the language employed by the legislature.

Whether the existence of reasonable ground to believe that the debtor had not sufficient property in the State of his residence to satisfy the debt of the attaching creditor, would be a defense to an action on the bond, is a question not presented by this record.—See Pettit v. Mercer, 8 B. Monroe, 51–2.

Judgment affirmed.