# Mitchell *v.* Pitts and Henry.

## *Attachment.*

1. *Judgment; what not grounds for reversal of.*—A correct judgment will not be reversed, even though a wrong reason may be given for it, *e. g.*, as where the court orders pleas in abatement to be stricken from the file, because not filed in time, and the affidavit and writ of attachment plainly show the falsity of the pleas.

2. *Affidavit for attachment; what sufficient.*—An affidavit for attachment, made by the attorney of a non-resident creditor, which states that affiant is " *informed and believes, and therefore states,*" that defendant, who is also a non-resident, is justly indebted, &c., is not defective.

APPEAL from City Court of Selma.
Tried before Hon. JON. HARALSON.
This was an original attachment sued out by the appellees, Pitts and Henry, on the 20th day of November, 1876, against

·the appellant Mitchell, and returnable to the City Court of Selma on the first Monday in January, 1877.

The affidavit states that one of the attorneys for the plaintiffs appeared before the clerk, and after being sworn, stated that he is an attorney for said Pitts and Henry, "and that he is informed and believes, and therefore states, that Henry P. Mitchell is justly indebted to William J. Pitts, and George Henry, who are residents of the State of Maryland, in the sum of one hundred and sixty-two dollars and thirty-four cents, by promissory note, dated Sept. 16th, 1876, and due on demand, and that said Henry P. Mitchell resides out of the State of Alabama, and that according to the best of affiant's knowledge and belief, said Mitchell has not sufficient property within the State of his residence wherefrom to satisfy the debt due to said Pitts and Henry as aforesaid, and that an attachment is not sued out for the purpose of vexing or harrassing the said Henry P. Mitchell." The writ of attachment recites that "whereas W. J. Pitts, and George Henry, by their attorney, S. W. John, hath complained on ·oath, &c., that Henry P. Mitchell is justly indebted to said Wm. J. Pitts, and George Henry, to the amount of one hundred and sixty-two dollars and thirty-four cents, and oath having been made that said Henry P. Mitchell resides out of the State of Alabama, and the said Wm. J. Pitts, and George Henry, have given bond and security according to the act in such cases made and provided, and made oath that the attachment was not sued out for the purpose of vexing or harrassing the said Henry P. Mitchell," therefore the sheriff was commanded to attach so much of the estate of said Mitchell, &c. The attachment was levied on lands of the defendant on the day it was issued, and returned according to its mandate.

At the January term, 1877, the defendant "appeared specially by counsel for the purpose of filing pleas in abatement," and plead in abatement, 1st, that the attachment does not show any debt or demand was justly due by defendant to plaintiffs in the suit; 2d, that the attachment does not state the amount of plaintiffs' demand and that it is justly due by defendant; 3d, that the attachment was wrongfully and improperly issued, the affidavit on which the writ was predicated not having stated the amount of plaintiffs' debt or demand, and that it was justly due as required by law."

" The complaint and affidavit on which said attachment issued, were written on the same paper and at the same time, and the complaint accompanied the affidavit and attachment

[Mitchell v. Pitts and Henry.]

into the hands of the clerk, and were received by him together, but the complaint was never separately endorsed by the clerk as filed." The court struck the pleas from the file, on motion of the plaintiffs, on the ground that they were not filed within the first three days of the return term. The defendant excepted to this action of the court, and thereupon declined to appear further on the cause, which proceeded to judgment against him. .

The ruling of the court is now assigned as error.

STERRETT & MABRY, for appellant.

FELLOWS & JOHN, contra.—It was within the discretion of the lower court to strike from the files pleas filed after time for pleading was past. The pleas had nothing to stand on, being flatly contradicted by the record, and therefore no harm was done, even if the motion to strike from the files was erroneously granted. Appellant had an opportunity to plead in bar, and refused to do so. Dilatory pleas are not favored.

MANNING, J.—Whether the reason assigned in the motion for taking the pleas in abatement from the file in this cause, was a sufficient one or not, for granting the order that it be done, we are of opinion that there was no error in the ruling of the court. The averments of the pleas in abatement are—1st, that the attachment " does not show that any debt or demand was justly due," &c.; and 2d, that the affidavit on which it was founded " does not state the amount of the plaintiffs' debt or demand, and that it is justly due," &c., " as required by law."

But on referring to the attachment, we find no such defect as is alleged in it. In that particular the writ is without fault. In respect to the affidavit: It shows that the person who made it was attorney for plaintiffs, who resided in Maryland, and that affiant " is informed and believes and therefore states " that defendant (who was also a non-resident) " is justly indebted to plaintiffs in the sum of $162.34, by promissory note dated September 16, 1876, and due on demand."

If it was supposed by counsel who filed the pleas that the recital in the affidavit that affiant was *informed and believed* that defendant was indebted, &c., impaired the efficiency of his averment thereupon made, of such indebtedness, we do not agree with him. In such a case as the present, where both

[Mitchell v. Pitts and Henry.]

parties reside out of the State, it is almost impossible that an attorney residing in it and at a distance from the parties to the transaction, can absolutely know that the debt is still due and unpaid. The debtor might have discharged it since the creditor last communicated with his attorney—perhaps to some other agent of the creditor, if not to himself. So other causes, for which writs of attachment may issue against debtors, and which according to the statute, must, when they constitute the reason for issuing such writs, be as positively sworn to in the affidavits, as the indebtedness of defendants, are of a nature which prevents it from being positively known whether they are true or not. Among these causes, are the following: that the defendant "is about to remove out of the State," or "to remove his property out of the State," or "to dispose of his property fraudulently." These things consist in the intention of other persons. And if "the plaintiff, his agent or attorney," who by law may make the oath, must positively know them to be true, before he may swear to them, it could hardly ever happen that such causes would be available in any instance.

It will be observed that the oath in this case is, not merely that plaintiff is informed and believes that defendant is justly indebted, &c.—but "that he is informed and believes and *therefore states*" that he is indebted. The averment of indebtedness in this way, is allowable when made by an agent or attorney. Besides the security against improperly proceeding by attachment, which the oath affords, if the cause alleged be not true in fact, the defendant is entitled to an action on the bond required for his indemnity.

The pleas in abatement plainly appearing upon inspection of the writings not to be sustained by the contents of the papers in the cause, to which they referred, there was no error in ordering them to be taken from the file, in order that the suit be prosecuted to a conclusion.

Let the judgment of the City Court be affirmed.

NOTE BY REPORTER.—After the delivery of the foregoing opinion, the appellant applied for a rehearing, and filed in support thereof the following argument :

In *Hall and Curry v. Brazelton*, 40 Ala. 406 and 408, in opinion, the court says that "the statute in imperative language requires a sworn statement of the amount of the debt or demand, and that it is justly due"—this is the language of the Code.—§ 3255; *Sims, Harrison & Co. v. Jacobson &*

[Mitchell v. Pitts and Henry.]

*Co.* 51 Ala. 136 and 188 in opinion; *Hall and Curry v. Bra-zelton*, 46 Ala. 359.

We especially call the attention of the court to *Dyer v. Flint*, 21 Illinois, 80, where a statute almost identical with our own, was construed by the Supreme Court in an attachment suit against a non-resident.   The court there held that the affidavit made by the plaintiff's agent or attorney as to the existence of the debt, on information and belief, was *not* a sufficient averment of the existence of the debt. — 18 Wend. 611.

Under section 3258 of the Code a non-resident, by his agent or attorney, may sue out an attachment against another non-resident of the State, but must make the oath required as in other attachment cases, and then may state on information and belief that the defendant has not sufficient property within the State of his residence wherefrom to satisfy the debt.   This section applies to plaintiff's agent or attorney, as well as to himself.

Under section 2568 of the Code, executors and administrators may file claims against insolvent estates on information and belief; these are expressly permitted by statute, but even here the Supreme Court says in *Pickle's Administrator v. Ezzell*, 27 Ala. 623, that knowledge of the correctness of the claim and that it is due, must be averred, and in *Lay v. Clarke's Administrator*, 31 Ala. 409, the affidavit must show that the claim is a just and subsisting demand.

The following response was made thereto by MANNING, J.:

The judgments of this court are rendered upon the rulings and action of the court appealed from, not upon the reasons assigned for them; though these when known to us, of course, receive our consideration.   A correct decision is not reversed, even if a wrong reason is given for the decision.

If we had any doubt of the correctness of our judgment in this cause, we would grant the application for a rehearing; but as we have none, it is onr duty to overrule it.