JOHN F. BROCKWAY, Appellee, *vs.* JOHN M. MCCLUN, Appellant.

*Opinion filed December 22, 1909.*

1. MORTGAGES—*what makes a prima facie case of non-payment of taxes.* In foreclosure, proof of a certificate of the county clerk showing the deposit by the complainant of the money necessary for the redemption of certain described premises from a sale thereof for the taxes of a specified year, is *prima facie* evidence of a failure to pay the taxes for that year on the premises described in the certificate, and of the sale thereof for taxes and redemption by the complainant.

2. SAME—*effect where receipt for redemption money does not agree with description in mortgage.* Though the description of the premises contained in a county clerk's receipt for redemption money is wholly unlike the description contained in the mortgage sought to be foreclosed, yet such receipt must be held to describe the mortgaged premises where a tax receipt to the complainant for the year in which it is stipulated that he paid the taxes on the mortgaged premises describes the land the same as does the redemption money receipt.

3. SAME—*an extension agreement affects only the time of payment.* An agreement merely extending the time of payment of a mortgage debt affects only the time of payment and does not affect the terms of the mortgage nor obviate the effect of a failure to pay the taxes, and hence, in a proceeding to foreclose the mortgage for a default in the payment of taxes, evidence as to such extension agreement is immaterial.

4. SAME—*when mortgagor is not necessary party.* A mortgagor who has sold and conveyed all her interest in the mortgaged property before the institution of a foreclosure proceeding, and against whom no relief is sought, is not a necessary party to such proceeding.

5. SAME—*taxes paid pendente lite may be allowed by a foreclosure decree without supplemental bill.* Where a mortgage provides that upon foreclosure all moneys advanced for taxes shall be repaid and the bill to foreclose alleges a failure to pay taxes, the amount of taxes paid *pendente lite* may be allowed to complainant under the prayer for general relief without filing a supplemental bill.

6. PLEADING—*general replication puts in issue the truth of the answer.* A general replication does not admit the truth of aver-

ments of new matter in the answer, but, on the contrary, puts in issue the truth of the answer; but if the averments of the answer are to be met by new matter by way of avoidance, it is proper to plead such new matter by way of amendment to the bill.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. GEORGE A. CARPENTER, Judge, presiding.

TINSMAN, RANKIN & NELTNOR, for appellant.

E. H. ARNOLD, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The appellee obtained a decree of foreclosure in the circuit court of Cook county, which was affirmed by the Appellate Court for the First District, and the appellant has brought the record to this court.

The mortgage was executed to appellee by Laura P. Raisor to secure the payment of her note for $4000, bearing two per cent interest, payable semi-annually, dated December 21, 1901, due five years after date. It provided that upon default in the payment of interest or upon failure to pay taxes on the mortgaged premises the whole amount of the note should become due, at the option of the mortgagee. The bill was filed November 8, 1906, before the maturity of the note by its terms, and alleged a sale of the premises for the taxes of 1905 and a redemption therefrom by the complainant. The appellant contends that there was no failure to pay taxes and therefore the bill was prematurely filed; that there was an extension of time of payment for five years beyond the date of maturity of the note, and that there is a defect of necessary parties defendant.

The appellee produced in evidence a certificate of the county clerk of Cook county showing the deposit by appellee on November 2, 1906, of $54.06 for the redemption of

certain premises from a sale thereof for the taxes of 1905. This was *prima facie* evidence of a failure to pay the taxes for that year on the premises described in the certificate, and of the sale thereof for such taxes and of their redemption by the appellee. It is insisted by the appellant that the premises described in the certificate are not the mortgaged premises. The descriptions in the receipt and the mortgage are entirely unlike and without the aid of extrinsic evidence could not be regarded as describing the same property. Such evidence, however, appears in the record. It was stipulated that appellee, on June 24, 1907, paid the taxes of 1906 on the mortgaged premises, and the tax receipt given therefor was introduced in evidence. The description therein is identical with that in the county clerk's certificate. Appellant's contention is therefore groundless, for if the tax receipt describes the mortgaged premises, so also does the certificate.

In regard to the extension of time, evidence was introduced tending to show that after the mortgage was given one Becklenberg bought the property, and at that time the appellant gave him a written agreement to extend the time of payment of the mortgage debt five years from its maturity. Conceding this to have been proved, the terms of the mortgage, other than the time of payment, were not thereby waived. In this connection complaint is made that the court excluded from the evidence a stipulation between counsel in regard to the testimony of an absent witness concerning this alleged extension of time. Since the extension, if granted, would not have obviated the effects of the failure to pay taxes, all evidence in regard to it was immaterial and the exclusion of the stipulation was proper.

Laura P. Raisor, the mortgagor, was made a defendant to the original bill, but on January 5, 1907, the appellant dismissed the bill as to her. Afterward he amended the bill, making defendants thereto "Laura P. Gray (*nee* Raisor) and Edgar B. Gray, her husband," and filed an

affidavit for publication, stating that "Laura P. Gray (formerly known as Laura P. Raisor) and Edgar B. Gray, her husband," were not residents of this State. It is now claimed that the mortgagor was not made a defendant, both because the affidavit for publication was not sufficient in law and because there is no evidence that Laura P. Gray is Laura P. Raisor. Both these questions are immaterial, because it appears that Mrs. Raisor had sold and conveyed the property soon after the execution of the mortgage. A mortgagor who has sold and conveyed all his interest in the mortgaged property before the institution of foreclosure proceedings, and against whom no relief is sought, is not a necessary party to such proceedings. He has no interest in the land and is not sought to be affected by the decree.

The appellant's answer alleged that Joseph W. Keiser, Laura P. Raisor and appellant are the owners of the premises in question, but no evidence was offered to sustain such averment. The testimony of Frederick Becklenberg showed that he obtained a conveyance of the property soon after the mortgage was given. The testimony of Samuel H. Kirby and the agreement between him and appellant do not show that either Joseph W. Keiser, William E. Elliott or W. H. Wells has any interest in the premises. The appellant insists that the statements in his answer that there was an extension of time of payment and that other persons not made parties are interested in the subject matter, being averments of new matter, are admitted by the filing of a general replication and could only be put in issue by an amendment of the bill. The rule is just the contrary. A general replication puts in issue the truth of the answer. If the averments of the answer are to be met by new matter by way of avoidance, it is proper to plead such new matter by amendment of the bill.

It is claimed that the amount of the decree is excessive because it includes $47.47 taxes paid after the suit was be-

gun, and such amount is not included within any allegation of the bill, no supplemental bill having been filed. The mortgage provided that upon the foreclosure and sale of the mortgaged premises all moneys advanced for taxes, assessments and other liens should be repaid. The bill alleged the failure of the mortgagor to pay the taxes, and under such circumstances the complainant may be allowed by decree the amount paid for taxes *pendente lite,* under the prayer for general relief, without filing a supplemental bill. *Brown* v. *Miner,* 128 Ill. 148.

The decree was for $4344.73. It is insisted that it includes $1.20 too much interest. The amount is too small to require our consideration.

The decree is affirmed.

*Decree affirmed.*