# Gardner v. Birmingham Machine & F. Co.

## Damage for Injury to Servant.

(Decided April 18, 1912. Rehearing denied June 29, 1912.
59 South. 649.)

1. *Master and Servant; Injury to Servant; Contributory Negligence; Plea.*—Where the action was by an employee for injury received by the falling of a heavy piece of crane machinery which the operator was unable to check by reason of a defect in the machinery, a plea alleging contributory negligence in that plaintiff; with knowledge that the machine was insecurely suspended over an open pit, and in danger of falling, and that injury would result to him if it should fall when he was upon or near it, nevertheless stood upon or near it, and thereby received his injury, was not subject to demurrer, where the complaint and plea, considered separately or together, did not so state the facts as to enable the court to say, as a matter of law, either that the operator could not have prevented the accident, had his machine not been defective, or that plaintiff might not have avoided the injury by the use of due care, after he became aware that the machinery upon which he was working would fall, and he probably along with it.

2. *Same; Assumption of Risk.*—Under the Employer's Liability Act the employee assumes the risk of injury from defective machinery only by failing to give notice of the defect within a reasonable time.

3. *Pleadings; Demurrer.*—Although a plea is defective, it is not error to overrule a demurrer to it, where the demurrer is not based on any tenable ground.

4. *Charge of Court; Ignoring Issues.*—Where the action was by an employee from the falling of a defective crane operated by a negligent craneman, a charge instructing a finding for defendant if the craneman did not discover the defect in time to have prevented the accident, although correct, as related to counts of the complaint alleging a defect in the crane, was erroneous, in that it took from the consideration of the jury other counts supported by same evidence, and basing the right of recovery alone on the negligence of the craneman as the superintendent.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by C. E. Gardner against Birmingham Machine & Foundry Company, for injuries received while in its employment. Judgment for defendant and plaintiff appeals. Reversed and remanded.

PERDUE & COX, for appellant. Counts 9, 10, 11 and 12 state a cause of action, and the error in overruling demurrers to plea 3 thereto was injurious.—*Sloss-Sheffield v. Tilson*, 141 Ala. 152; *Jackson L. Co. v. Cunningham*, 141 Ala. 206; *A. G. S. v. Davis*, 119 Ala. 572; *L. & N. v. Hunt*, 101 Ala. 34. The plea merely attempts to set up certain alleged facts without attempting to confess and avoid the complaint.—*Foley v. Pioneer M. & M. Co.*, 144 Ala. 178; *Montgomery Gas Co. v. Montgomery Ry. Co.*, 86 Ala. 372; *Thompson v. Duncan*, 76 Ala. 334. The law does not look back of the cause alleged to find some other cause for the injury.—*So. Ry. v. Cooper*, 55 South. 211; *M. & O. R. R. Co. v. Brewing Co.*, 144 Ala. 404; *Jones v. Union Foundry Co.*, 55 South. 153; *L. & N. v. Young*, 45 South. 338; s. c. 53 South. 213; 29 Cyc. 523. The court erred in overruling plaintiff's demurrer to plea 5 as an answer to these counts.—*So. Ry. v. Dickens*, 153 Ala. 283; *Bir. Furn. Co. v. Goss*, 97 Ala. 220; *Maddox v. Warehouse Co.*,

55 South. 93. Plea 7 was not a good answer to these counts.—31 Cyc. 217; 16 Enc. P. & P. 561; *Watkins v. Bir. Elec. Co.*, 120 Ala. 147. The court erred in giving charge 1 requested by defendant.—*T. C. I. & R. R. Co. v. Cottrell*, 55 South. 791; *Steed v. Nolls*, 97 Ala. 573; *Pratt Consolidated Co. v. Davidson*, 55 South. 886. Counsel discuss the refusal to grant motion for new trial.

TILLMAN, BRADLEY & MORROW, and CHARLES E. RICE, for appellee. The logic of the following cases sustain the court's action in overruling demurrer to plea 3 as an answer to the counts of the complaint to which it was addressed.—*Merriweather v. Sayre M. & M. Co.*, 161 Ala. 441; *Simmerman v. Hills Creek C. Co.*, 54 South. 426; *L. & N. v. Bargainer*, 168 Ala. 576; *St. L. & S. F. Ry. v. Brantley*, 168 Ala. 583; *Osborn v. Ala. S. & W. Co.*, 135 Ala. 575; *Pace v. L. & N.*, 166 Ala. 523; *Ala. C. C. & I. Co. v. Hammond*, 156 Ala. 258; *L. & N. v. Banks*, 104 Ala. 514; *Koosa M. Co. v. Williams*, 133 Ala. 611. On these same authorities the court properly overruled demurrers to plea 5 and 7, as an answer to the counts to which they were addressed. Counsel discuss the charges given, and insist that there was no error in giving the same.—*A. G. S. v. Caldwell*, 55 South. 188; *Dantzler v. DeBardelaben C. C. & I. Co.*, 101 Ala. 309, and authorities supra.

SAYRE, J.—Plaintiff in error was also plaintiff in the court below. His suit was brought under the Employer's Liability Act. Counts 1 and 5 were framed under subsection 2 of the act as stated in section 3910 of the Code. They seem to have dropped out of sight during the trial. No ruling as to them, or the issue made by them, is in question. Counts 13 and 14 stated

a case under the second clause of subdivision 4 of the section. There was demurrer to these counts, but the record discloses no ruling. Without intimation as to the sufficiency of these counts, we will treat the demurrer as having been waived. Several special pleas of contributory negligence had been filed before these counts were introduced by amendment. These pleas were not refiled; but there are various indications in the court's oral charge to the jury, and in the special charges given and refused, that these pleas were treated as answers to all the counts of the complaint. We will so consider them. Counts 9, 10, 11, and 12 proceeded under the first subsection of the act as for a defect in an electric crane used by the defendant. Errors are assigned to rulings by which the court overruled demurrers to several of the special pleas as answers to these counts. These counts were all intended to state the same phase of plaintiff's case. Twelve, however, goes furthest into detail, and undertakes to show how the alleged defect operated to cause plaintiff's injury by averring that after one Riley, who had charge of the crane, in response to a signal from one White, had turned on the electric current and set in motion the crane used to move or hoist the piece of machinery on which plaintiff was at work, but before the piece of machinery was hoisted high enough to throw it off the scaffold and face plate upon which it rested, said Riley saw that plaintiff would be injured by the further movement of the machinery, and attempted to cut off the current and reverse the motion of the crane, "but that, owing to a defect in the said crane, it failed to reverse, and the machinery was further hoisted or jerked to one side or forward, and was thrown off the scaffold and face plate on which it had been placed, and was caused to fall into a deep pit," and plaintiff along with it,

whereby he was injured. Plea 3 says "that plaintiff was himself guilty of negligence which proximately contributed to his injury in this: That plaintiff, with knowledge that said piece of machinery, to wit, the hub of a flywheel, weighing several tons, was insecurely suspended over an open pit, which was several feet deep, and in danger of falling, and with the knowledge that, should same fall when he was upon or near the same injury would probably result to him, nevertheless plaintiff negligently stood upon or dangerously near the said piece of machinery, whereby the same fell into said pit and injured plaintiff."

Appellant lays stress upon the proposition that the negligence alleged in the plea does not appear to have had proximate causal connection with plaintiff's injury, if that was caused primarily by the means and in the manner alleged in the counts. He thinks his argument finds most favorable illustration in the consideration of the plea as an answer to the twelfth count, which we have quoted in part. As the accident is there stated, the defect in the crane did not set in motion the force which threw or caused plaintiff to fall into the pit; it operated to his hurt by preventing the effective interposition of an effort to save him, after the craneman had become aware of the fact that the movement of the crane had produced a situation of danger for plaintiff. "This plea," says the appellant, "attempts to deny liability because of a condition which existed prior in point of causation to the alleged cause of the injury." Probably the argument was conceived in the light of the facts as they appear in the evidence, rather than with a strict regard to the facts as they appeared in averment only. It seems to mean that, since plaintiff is, in substance, alleged in the plea to have remained in the same place of danger in which his duty required

him to be, and in which Riley, according to the complaint, saw he would be overtaken, unless the crane could be stopped, and since the event, in the nature of things, moved so rapidly as to preclude the idea of his escape after the machinery began to fall, it sufficiently appears that plaintiff was not guilty of contributory negligence. If we could look to the proof, we would say it was impossible that plaintiff could have been guilty of contributory negligence in remaining at his place after the machinery began to fall. Thereafter he had no time to form a judgment of the new situation, or to act upon that judgment. And it is also out of the question that the man in charge of the crane, which he operated from his place in a cage some distance away by moving a lever or controller, could have prevented plaintiff's fall, after he became aware of the fact that the piece of machinery would fall. In fact neither the counts nor the plea had more than a theoretical support in the evidence, all of which really went to show that the defect in the crane had nothing to do with the accident, but that it was caused, either by plaintiff's careless adjustment of the chains by which the crane lifted or moved the piece of machinery, or by a premature signal to the operator of the crane; it being a matter of dispute whether that signal was given by plaintiff himself, or by one Bob White, to whom authority in that behalf had been delegated by the common employer, as alleged in counts 13 and 14. But, of course, we consider only the averments of the complaint and the plea in passing on a demurrer to the latter. By reference to the facts so averred, we do not get that sure and intimate acquaintance with what happened which would require or authorize us to say, as matter of law, either that the craneman could not have prevented the accident, had his machine not been defective in the re-

spect charged, or, on the other hand, that plaintiff might not have avoided injury by the use of due care, after he became aware that the piece of machinery on which he was working would fall, and he probably along with it. The averment of the plea is that "plaintiff was himself guilty of negligence which proximately contributed to his injuries in this," and then such facts are averred as that from them a jury might infer negligence. We think no error has been shown in respect to the court's ruling on the sufficiency of this plea; and for like reasons those assignments of error which complain of the court's rulings on plea 5 as an answer to the several counts must be held for naught.

Plea 7 was clearly bad as a plea of contributory negligence. It failed to aver contribution. But it was not intended for a plea of contributory negligence. Its definite purpose was to plead plaintiff's assumption of the risk of any injury from the negligence alleged in the various counts of the complaint. The facts averred do not show an assumption of risk.—*L. & N. R. R. v. Handley*, 174 Ala. 593, 56 South. 539. The principle of the case just cited, and of the cases it followed, was limited to actions brought under the second, third, and fifth subdivisions of section 3910 of the Code, for the reason, probably, that the decision of those cases required nothing more. But the last clause of subsection 4 states a species of superintendence, thus putting it in the same case with subsection 2, so far as concerns the distinction between the doctrines of contributory negligence and assumption of risk taken by the decisions to which we have referred. As the statute is now written, the employee assumes the risk of injury from a defect in the condition of the master's ways, works, machinery, or plant, as provided in subsection 1, only by failing, within a reasonable time, to give notice of such

defect, as provided in the concluding clause of the statute. Nothing of the kind was alleged in the plea. For these reasons the plea was demurrable as a plea of assumption of risk. However, the demurrer took no tenable ground against the plea, and error cannot be predicated of the court's ruling.

Under counts 9, 10, 11 and 12, plaintiff relied upon proof of a defect in the crane, contending that but for the defect the craneman would have been able to prevent plaintiff's hurt by arresting the movement of the crane after he learned of the danger involved. The defect was that the first and second points of contact through which the reverse lever turned on the current to stop the motion of the crane had been burned out, so that the current could take effect only through the third. To reach the third point of contact, the lever or controller in the hand of the craneman had to be moved through an arc of 2½ inches; and it seems that the delay in stopping the crane was represented by the time required in passing the lever over this arc. The court, on defendant's request, charged the jury: "If you believe from the evidence that after John Riley [the craneman] discovered the carriage moving toward him [the movement by which the crane lifted or dragged the piece of machinery from its support and caused it to fall] he could not, by the exercise of due care, have stopped same, had the carriage controller made connection on the first point, in time to have avoided the accident, then you must find for the defendant." It is clear that this charge correctly stated the law applicable to the case made under those counts of the complaint, alleging a defect in the crane. The court went even further and instructed the jury affirmatively that they could not find for plaintiff under count 10, and this ruling is assigned for error. We presume this last-

mentioned charge was given on the theory that after the craneman saw that the piece of machinery was going to fall no possible manipulation of the controller could have stopped it, and we are not prepared to say this was error. This charge given as to count 10, we do not understand why similar charges requested as to counts 9, 11, and 12, all which stated the same case and rested upon the same evidence, were not given also. But the charge quoted above made the whole case turn upon those counts charging a defect in the crane, for to those counts only could it have any sort of appropriate application; whereas a totally different view of the cause of plaintiff's injury was stated in counts 13 and 14, and these counts had some support in the evidence. These counts charge plaintiff's injury to the negligence of one Bob White, "delegated with the authority of the defendant in that behalf," in giving the signal in response to which the crane was caused to move or hoist the piece of machinery from its support. It was White's business to give signals whenever the crane was used in moving pieces of machinery upon which defendant's employees were at work. But whether he gave them on his own judgment as to when they should be given, and in that way exercised a form of superintendence by delegation from the common employer, or whether in any case his duty was merely to repeat to the craneman the signal given to him by the employee for whose help the crane was at the time being operated, and so he was a mere fellow servant, was, under the evidence, a question for the jury. The court below was of our opinion in this regard; for charges, in proper form, instructing the jury that plaintiff was not, under the evidence, entitled to recover on either of these counts were refused. But charge 1, the charge first above quoted, ignored and in effect eliminated the issue presented by counts 13

and 14, and it should for that reason have been refused and the action of the court in giving it must be held for reversible error.

In the condition of the record, we think we may omit further consideration of the errors assigned. For the error pointed out, the judgment will be reversed.

Reversed and remanded. All the Justices concur, except DOWDELL, C. J., not sitting.