1 So.2d 376

KEMPER v. WALKER.

5 Div. 317.

Supreme Court of Alabama.

Feb. 20, 1941.

Rehearing Denied April 3, 1941.

Richard H. Cocke, of Alexander City, for appellee.

Gerald & Gerald, of Clanton, and Wilbanks & Wilbanks, of Dadeville, for appellant.

FOSTER, Justice.

This suit was begun by attachment sued out by a nonresident and against a nonresident. The special affidavit was made as required by section 6178, Code, that "according to the best of his knowledge, information and belief, the defendant has not sufficient property within the State of Colorado, the state of his residence, wherefrom to satisfy this debt." Defendant by counsel alleged that he appeared specially to file certain pleas in abatement.

Demurrer was sustained to some of the pleas and overruled as to those numbered 2 and 3, on which the issues were tried by the court without a jury. The judgment was for defendant on those pleas, and the suit was consequently abated.

Plea 2 alleged that at the time said attachment was issued and levied he had, and now has, sufficient property within the state of his residence, Colorado, wherefrom to satisfy the debt sued for.

Plea 3 alleged that no notice of the attachment and levy was sent by mail to defendant, as required by section 6179.

The court found from the evidence that such notice was given as thus required, but abated the suit on both pleas, holding that they were sustained. We assume that there was a clerical error in this respect, since the court found that the notice, which plea 3 alleged was not given, was in fact given.

No question is here presented as to whether such notice was waived to the extent of sustaining a judgment in rem, either by pleading in abatement to the attachment that the grounds alleged are not true (see Grigg v. Gilmer, 54 Ala. 425), or by the appearance of defendant in person or testifying as a witness on the hearing. And no other question as to said plea is presented on this appeal.

■ But plea 2 raised an issue of fact, on the trial of which exceptions were reserved, and are here assigned for error. See Melvin v. Scowley, 213 Ala. 414, 104 So. 817; Dorrough v. Mackenson, 229 Ala. 336, 157 So. 257; Cooper v. Owen, 230 Ala. 316, 161 So. 98. On that issue, the burden of proof was on plaintiff. 7 Corpus Juris Secundum, Attachment, § 466, p. 632; 4 Amer.Jur. 942, Attachments and Garnishments, section 652.

■ The same rules apply to the denial of matter specially required under section 6178, Code, as to other and more general allegations justifying the issuance of an attachment. Melvin v. Scowley, supra.

■ Under section 6178, Code, the existence in defendant's home state of sufficient property does not have to be positively asserted in the affidavit as under section 6173, Code, but only "to the best of his knowledge, information and belief." But this is only a requirement as to the form of the affidavit, and a denial in the plea goes not to the knowledge, information and belief, but to the existence in fact of sufficient property in the home state. See, Mitchell v. Pitts, 61 Ala. 219.

It is said in the early case of Jones v. Lawrence, 36 Ala. 618, that this statute requires a showing by special affidavit of facts that the creditor, a nonresident, could not if he made the attempt collect his debt in the state of the debtor's residence. "The uselessness of legal proceedings there, justifies the resort to the process of attachment here."

If at the time attachment is begun defendant had a sufficient amount of assets, but by the time of the trial their value had depreciated or they had been disposed of voluntarily or involuntarily, so that then they were not of value sufficient to satisfy the debt of plaintiff: quaere, can that be shown on such a trial as this?

This Court has held that a second suit may be abated on plea because of the existence of a prior one, though the prior suit was dismissed by plaintiff after the plea in abatement was filed. Interstate Chemical Corp. v. Home Guano Co., 199 Ala. 583, 75 So. 166. See, also, Alabama Power Co. v. City of Scottsboro, 238 Ala. 230, 190 So. 412. This was a treatment by the court of the effect of plaintiff's conduct to defeat an abatement of his suit after the right to its abatement had accrued.

■ But the question here is whether plaintiff in a suit may profit by conduct of defendant in this respect pending the suit and after he has filed his plea. Defendant is the actor in such a plea and seeks relief from the court, viz., an abatement of the suit on account of a status existing at its commencement. Is this relief available

to him at the trial when in the meantime that status has changed without plaintiff's fault, but owing to acts or omissions of defendant, which he might have prevented? The general rule is that one defending a proceeding may set up an event occurring pendente lite material to the issue. Lindsay v. Barnett, 130 Ala. 417, 30 So. 395; 16 Ala.Dig., Pleading, ☞272, p. 170.

A temporary injunction will not be dissolved on motion, if, on the hearing, the facts justify the injunction, though they may not have done so when it was issued. 32 Corpus Juris 404, section 683.

Plea 2, here involved, denied the truth of the allegations of the affidavit, and alleged that defendant at the time of its issuance had "and now has" sufficient property in his home state out of which the debt could be made. This emphasizes the necessity of showing a continuance of the status.

■ When a pleader alleges facts as then existing, and they are continuous in nature, it is construed, in the absence of averment contra, to mean that they continued to the time of trial. 49 Corpus Juris 120, section 116. The issue is made up at the time of trial. The "now" in this plea is as of the date on which issue is taken on it, the contrary not being asserted.

■ We think that the issue is triable not only on the basis of facts existing when the attachment was issued, but on the facts existing at the time of trial not brought about by plaintiff, either directly or indirectly. If at that time, when so considered, there was an insufficient amount of defendant's property in Colorado, defendant's home, with which to satisfy plaintiff's demand, and plaintiff was in no sense responsible for a change of circumstances in that respect, he should not be put to the expense of another attachment, the facts then justifying one.

Plaintiff offered to prove that pending this suit, and before the trial, a mortgage on some of defendant's property in Colorado had been foreclosed. A complete loss of that property tended to show that that which remained in the home state was insufficient to pay plaintiff's debt at the time of trial. Defendant valued highly his equity of redemption in that property. If after that foreclosure there was no property right of value remaining in it, which could be subjected to plaintiff's debt, he should have the privilege of proving those

facts on the trial, as well as other incidents and circumstances relevant and legal to show the values as of that date, though they may have occurred between the date of the attachment and that of the trial.

We need not enter into further detail in that respect. We think these views are sufficient for the benefit of another trial.

Reversed and remanded.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.

### On Rehearing.

FOSTER, Justice.

The plea in abatement here in question does not put in issue the ground of attachment alleged in the affidavit, but only the truth of the matter specially required by Section 6178, Code, when both plaintiff and defendant are nonresidents.

Section 6173, Code, specifies the grounds which will support an attachment, one is when defendant resides out of the state. It is certainly true that the time to which the affidavit in that respect is confined is the date of the affidavit. Any change of that status would not affect the attachment writ.

But the special affidavit required in Section 6178, supra, is not a ground for the attachment. That must be made in addition to the existence of the ground in Section 6173, supra, that defendant resides out of the state. The special affidavit does not seem to be necessary when the ground is some other specified in that section of the code.

■ The falsity of the matter thus specially required is but an impediment in the way of the prosecution of the attachment suit authorized and justified in every other respect and in no manner here controverted. That is to say that the existence of sufficient property in Colorado merely suspends the right to an attachment by a nonresident, against a resident of Colorado in this state until that impediment is removed. When that event occurs there is then no impediment. Our holding is in substance that when through the voluntary act or omission of defendant, or through some act not chargeable to plaintiff that impediment is swept away before the trial of the plea which puts it in issue, defendant is not in position to rely on it as a reason for discontinuing the prosecution of a suit otherwise available.

This requirement first made its appearance in the act of December 25, 1824 (Acts of 1824 of Alabama, p. 6). In Section 2 of it, the requirement for the special affidavit is made as is now contained in Section 6178, supra.

We have searched for a similar requirement in other jurisdictions in the hope that such a question has been there considered. The states generally do not seem to have requirement similar to ours. See 6 C.J. 39; 7 C.J.S. 209, Attachment, § 20, subd. b; 4 Amer.Juris. 632, § 124.

But sometimes restrictions are placed on nonresident plaintiffs in attachment. But there are none apparently which resembles our statute enough to find a precedent in their decisions.

So that we must revert to reason and the purpose of the requirement and give it effect justly. And upon that basis we have here analyzed it and reached the conclusion announced.

Application for rehearing overruled.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.