19 So.2d 548

### SELMAN et al. v. MOORE.

### 8 Div. 416.

Court of Appeals of Alabama.

Oct. 31, 1944.

M. F. Lusk, of Guntersville, for appellants.

Mack Killcrease, of Albertville, for appellee.

CARR, Judge.

There are two counts in the complaint, detinue and on a promissory note. As we construe the record, appellants have abandoned all insistences presented by the detinue count so far as concerns this appeal. It will be so treated.

The promissory note, the basis for the second count of the complaint, was given to appellants by appellee for the purchase price of a mule. To the count declaring on this note appellee filed special pleas in which the position is asserted that appellants warranted the mule to be sound and free from disease and defects, when as a matter of fact the mule was sick or diseased at the time of the sale and the execution of the promissory note for the purchase price thereof; that these facts were known to appellants; that shortly thereafter, as a result of said sickness or disease, the mule died.

To these pleas the appellants interposed a general replication or denial, and in addition filed a special replication as follows: "2. That at the time of the alleged sale and warranty of the mule mentioned in said plea it was understood and agreed between plaintiffs and defendant that in case anything should prove to be the matter with the mule, plaintiffs were to have the privilege of making it good by taking back the mule and giving defendant another mule of equal value to take its place, and these plaintiffs allege that when defendant complained several weeks after the sale that said mule had been sick, plaintiffs by and through their authorized agent then and there offered defendant another mule of equal value to take the place of the first mule, which proposition the defendant refused to accept, and because of these facts plaintiffs say they are not liable for any damages in this case."

The trial court gave the following written charge at the instance of appellee: "The Court charges the jury that unless you believe from a fair consideration of all the evidence that the plaintiff offered another mule to the defendant of equal value of the one that was sold by plaintiff to defendant then you cannot find a verdict in favor of plaintiff."

It is urged here that in giving this charge the court fell into error. We are in accord with this view and will undertake to demonstrate the reasons for our conclusions.

The evidence is not free of controversy in many particulars concerning the agreement and understanding of the parties relating to the mule trade. We will not discuss the tendencies of the evidence "pro and con" pertinent thereto, but it appears clearly that a disputed issue of facts arose from the testimony on the averments of appellee's pleas. The general replication put in issue the truth of all material facts so alleged, calling on appellee for proof thereof. 49 C.J. § 410, p. 335; Brockway v. McClun, 243 Ill. 196, 90 N.E. 374; Chitty on Plead., 16 Am.Ed., Vol. 1, p. 606.

536

"It is a familiar rule that, whenever there is any legal evidence in a case tending to establish the existence of a controverted fact, the question becomes one for the determination of the jury." Williams v. State, 4 Ala.App. 92, 58 So. 925, 926.

The fact that plaintiffs replied also by a special replication did not avoid the effect and purport of the general replication, placing upon the defendant the burden of proving the material allegations of the pleas. Parfitt v. Sterling Veneer & Basket Co., 68 W.Va. 438, 69 S.E. 985.

The jury is the judge of what has or has not been established by the evidence. It is the duty of the trial court to submit to the jury all material issues in the case which have any support from the evidence. An instruction, which limits the essential factual issues to only a part of the case and leaves omitted others which are also sustained by the evidence, is invasive of the province of the jury and erroneous. Franklin Fire Ins. Co. of Philadelphia, Pa., v. Slaton, 236 Ala. 565, 183 So. 865; 64 C. J. § 672 (8), p. 805; Little Cahaba Coal Co. v. Arnold, 206 Ala. 598, 91 So. 586; Gardner v. Birmingham Machine & Foundry Co., 178 Ala. 571, 59 So. 649.

The trial court, in giving the written charge above set out, narrowed the issues within the limits of the special replication, ignoring altogether the disputed contentions lodged in the pleas. In this we must hold there was error.

The record presents some other questions for our consideration. They involve matters that are unusual and do not customarily occur during the progress of a trial. They will not probably arise again. We will therefore not consider them.

Reversed and remanded.