34 So.2d 208

**JENNINGS v. WALLING.**

**8 Div. 420.**

Supreme Court of Alabama.
Feb. 19, 1948.

Rehearing Denied March 18, 1948.

Russell W. Lynne, of Decatur, for appellant.

Julian Harris and Norman W. Harris, both of Decatur, for appellee.

GARDNER, Chief Justice.

This suit was begun by attachment.

Plaintiff (appellee) attached some of the crops grown by defendant (appellant) on lands rented to defendant, for balance due for rent and advances. The relationship was that of plaintiff as owner of the land and defendant as a share cropper which created the relationship of landlord and tenant. Title 31, § 23, Code 1940.

That the lien existed, Title 31, § 15, Code 1940, and was properly enforced by attachment if any amount was due the landlord, Title 31, § 20(2), Code 1940, was not questioned by plea or otherwise, Hall v. Pearce, 209 Ala. 397, 96 So. 608; Kemper v. Walker, 241 Ala. 115, 1 So.2d 376; Cassady v. Williams, 234 Ala. 299, 174 So. 485, and the only matter left for consideration was the amount, if any, due by defendant to plaintiff.

As to the number of acres rented, the share defendant was to receive of subtenant's property, the amount of advances made by plaintiff, the landlord, as well as the amount of crops grown on the land, were all in sharp dispute and properly submitted for the jury's consideration.

There was verdict and judgment for plaintiff in the sum of one thousand dollars, hence this appeal.

Defendant insisted she had paid plaintiff, also plead set-off and recoupment, the latter defense resting upon the charge that plaintiff negligently permitted her stock to run at large and destroy much of the corn grown on the premises.

All of the several defenses were explained to the jury in the oral charge and much evidence offered as to such defense.

Only two questions are here presented. Counsel for appellant earnestly insists that the charge given for the plaintiff, herein set out, is invasive of the jury's province. The charge reads as follows: "If you believe the evidence in this case, and if you are reasonably satisfied therefrom that the plaintiff is entitled to recover, the form of your verdict will be as follows: 'We, the jury, find for the plaintiff and fix her damages in the sum of $———, and find the property levied on under the attachment subject to the plaintiff's lien.'" The argument is rested upon the theory the charge ignores the issues raised by the pleadings, a summary of which we have just given.

It is correctly stated in 53 Am.J. 458 that a charge should not ignore or withdraw from the jury issues of fact which are in the case and supported by the evidence. This general principle is well supported by our authorities. Such was the holding of this court in Navco Hardwood

Co. v. Becks, 222 Ala. 631, 134 So. 4; Woodmen of the World Life Ins. Soc. v. Greathouse, 242 Ala. 529, 7 So.2d 89, and by the Court of Appeals in Selman v. Moore, 31 Ala.App. 534, 19 So.2d 548.

After all, therefore, the question is to be determined upon a proper construction of the charge. Does it in fact violate the foregoing principle and invade the province of the jury. We do not so construe it. The charge was clearly meant to give a form of verdict in the event the finding upon all the issues was resolved in favor of the plaintiff. This is permissible. Howell v. Smith, 206 Ala. 646, 91 So. 496.

As we have indicated there was no question as to the propriety of the attachment proceedings if in fact plaintiff was entitled to recover. There could, therefore, be no objection to the charge assuming this uncontroverted fact. Alabama Power Co. v. Hines, 207 Ala. 346, 92 So. 611; Somerall v. Citizens' Bank, 211 Ala. 630, 101 So. 429.

As to the other feature of the charge it must be observed it is based upon the hypothesis of the jury's belief in the evidence, and that the jury is reasonably satisfied from such evidence that the plaintiff is entitled to recover. The amount of recovery is of course left a blank and to be supplied by the jury if in fact they are so reasonably satisfied from the proof that plaintiff should recover. If by reason of the pleas of payment, set-off or recoupment plaintiff could recover nothing, then the language of the charge would call for no recovery in her behalf. In short, the charge is not properly to be construed as ignoring the issues upon which the case was vigorously prosecuted and defended.

Our conclusion is there was no reversible error in giving this charge.

The only other question relates to the action of the court in denying defendant's motion for a new trial, upon the ground the verdict was contrary to the overwhelming weight of the evidence.

The rule by which we are here guided upon questions of this character is well understood and needs no repetition. As we have stated the proof which has been most carefully read and studied, was in sharp conflict.

Upon due consideration we are of the opinion that a disturbance of the action of the court in denying the motion for a new trial upon the ground as indicated would not here be justified.

We find no reversible error, and of consequence the judgment is due to be affirmed. It is so ordered.

Affirmed.

FOSTER, LAWSON and STAKELY, JJ., concur.